[No. 5416.   Decided December 12, 1904.]

THE STATE OF WASHINGTON, *on the Relation of Jefferson County, Plaintiff,* v. GEORGE C. HATCH, *as Judge etc., et al., Respondents.*[1]

APPEAL AND ERROR—DECISION—JUDGMENT OF SUPREME COURT FOR COSTS—TAX FORECLOSURE PROCEDURE—EXECUTIONS.   Where, upon an appeal from a tax foreclosure judgment, the supreme court affirms the judgment and enters a judgment for costs against the appellants and the sureties for a specified sum, and directs that execution issue therefor, the appellant is entitled to have execution issued out of the superior court for the collection of the costs, although the supreme court judgment does not in terms follow the direction of the statute as to the disposition of the funds deposited with the county treasurer, the same being applied by law and the order of the lower court as a credit on the tax judgment.

MANDAMUS — APPEAL — JUDGMENT — EXECUTION — REFUSAL OF LOWER COURT TO CARRY OUT DIRECTIONS OF SUPREME COURT—ADEQUACY OF REMEDY BY APPEAL.   Mandamus lies to compel the judge of the superior court, who has quashed an execution for costs, directed by the supreme court on affirming a decision, to cause execution to issue therefor, since the remedy by appeal is neither speedy nor adequate to enforce the judgments of the supreme court after an appeal is once decided.

EXECUTIONS—POWER OF COURT—MANDAMUS.   After a judge has quashed an execution to which a party is entitled, it can not be objected that mandamus will not lie to compel him to cause another to issue because such issuance is a ministerial duty of the clerk, as the court can control its executions.

MANDAMUS—DEMURRER—ISSUES OF FACT HOW RAISED.   After an application for a writ of mandate has been submitted to the supreme court upon a demurrer in the application, the defendants are not entitled, upon the overruling of the demurrer, to leave to answer, as issues of fact must be presented at the time of the hearing, which is final.

Application to the supreme court, filed October 20, 1904, for a writ of mandate to require the superior court

[1]Reported in 78 Pac. 796.

for Jefferson county, Hatch, J., to cause an execution to issue.  Writ granted.

*A. W. Buddress,* for relator.

*John Trumbull,* for respondents.

HADLEY, J.—In this cause original application was made in this court for a writ of mandate, directed to the superior court of Jefferson county, to the Hon. George C. Hatch, judge thereof, and to others named in the petition as co-respondents with said judge.  Upon the face ·of the petition it appears, that the said superior court, in the year 1902, in a tax foreclosure suit brought by said Jefferson county, entered judgment of foreclosure against the several persons named as respondents herein, except the said judge; that an appeal from said judgment was prosecuted to this court, and that, in addition to the filing of the appeal bond, the appealing parties, as required by law, also deposited with the treasurer of Jefferson county a sum of money equal to the amount of the judgment rendered by the superior court, and the costs taxed therein, to wit, the sum of $435.35; that thereafter this court rendered the following judgment on said appeal, to wit:

"This cause having been heretofore submitted to the court, upon the transcript of the record of the superior court of Jefferson county, and upon the argument of counsel, and the court having fully considered the same, and being fully advised in the premises, and having filed its opinion in writing, it is now, on this 9th day of June, A. D., 1904, on motion of A. W. Buddress, Esquire, of counsel for respondent, considered, adjudged and decreed, that the judgment of the said superior court be, and the same is, hereby affirmed with costs, the petition for rehearing denied, and that the said county of Jefferson have and recover of and from the said John

Trumbull, V. L. Trumbull, T. F. Trumbull and L. P. Trumbull, and from C. A. Cushing and Fred A. Cook, sureties, the costs of this action, taxed and allowed at one hundred & six & 45-100 dollars, and that execution issue therefor. And it is further ordered that this cause be remitted to the said superior court for further proceedings in compliance with the opinion herein filed."

The petition further states, that, after the cause was remitted to the superior court under the above judgment, said court entered a supplemental judgment, directing the said county treasurer to apply the said sum of $435.35, deposited with him as aforesaid, to the payment of the judgment rendered in the foreclosure proceeding; that thereafter an execution was issued out of said superior court against the parties who appealed to this court, for the collection of said $106.45, the amount of the judgment for costs rendered by this court; that afterwards the superior court quashed said execution, on the ground that the remittitur of this court did not support it; that thereupon the relator here duly moved the said court to direct the issuance of another execution for the collection of said costs, in accordance with the remittitur of this court, but that said court refused to grant said motion, or to direct the issuance of any execution, and that said costs have not been paid. The respondents demurred to the petition, the said George C. Hatch, as judge aforesaid, appearing separately, and the remaining respondents joined in a demurrer. The demurrers challenged the petition as not stating facts sufficient to authorize the issuance of a writ of mandate, or the granting of any relief.

The petition discloses that it was the theory of the respondent judge that the judgment and remittitur of this court did not authorize the issuance of an execution for the costs. We are unable to see it so. The judgment

clearly states the amount of the costs; that Jefferson county shall recover the same from the appellants in the action, and also from their sureties, specifically naming them all, and adds further "that execution issue therefor." The judgment also concludes as follows: "And it is further ordered that this cause be remitted to said superior court for further proceedings in compliance with the opinion herein filed." The opinion, to which reference is made in the judgment, as well as the judgment, also showed that the judgment below was affirmed, which statement of itself awarded the costs to the respondent in the appeal, in the absence of other specific direction.   But the judgment went further than the opinion, and expressly stated that costs should be recovered, giving the amount thereof,. and that execution should issue therfor.   It is thus clear that the judgment of this court directed the issuance of execution for the costs, and that the cause was remitted to the superior court for the further proceedings which necessarily included the collection of the costs, under the terms of the judgment.   Whatever may be said of the lack of fullness and regularity of the judgment of this court, under the terms of § 4, p. 74, et seq., Laws of 1903, it does direct that execution shall issue for the costs, as that statute directs.   While the judgment in terms does not follow the statute in directing the disposition of the funds deposited with the county treasurer, yet, as the petition shows, the superior court has already acted in that matter, and has done what this court, under the statute, should have specifically directed in its judgment, viz., has applied the amount deposited with the treasurer as a credit upon the tax foreclosure judgment. While not specifically directed by this court, yet no complaint is made here that the lower court ordered the doing of that which the law manifestly intended should have

been done, but that portion of the judgment which it seems to us is specific and unequivocal, the petition states the said judge declines to carry out. This court had jurisdiction of the parties, and of the subject matter on the appeal, and was authorized by law to enter judgment for costs of the appeal. Whatever may be said as to its regularity, it was not void, and it therefore became the duty of the trial court to direct its enforcement.

Respondents contend that the writ of mandate will not lie, for the reason that the relator has a remedy by appeal from the order of the trial court quashing the execution, and also from its refusal to issue another execution, as moved by the relator. We deem it unnecessary to pass upon the appealability of said orders, in view of the fact that the relator has not chosen the remedy of appeal. It is sufficient to say that we do not think such remedy would have been speedy and adequate, under the circumstances, within the meaning of § 5756, Bal. Code, which authorizes the writ of mandate in the absence of "a plain, speedy, and adequate remedy in the ordinary course of law." The respondents had once appealed, and the relator had been awarded the judgment of this court for its costs, with ample direction to the lower court to use its process for their collection. If the relator should be compelled to appeal again, in order to get the aid of the necessary process, the same thing might have to be repeated, and the end of the litigation would thus be far removed. We think the refusal to carry out the direction of this court in its judgment, viz., that the lower court shall cause execution to issue for the collection of the costs on appeal, should be reached in a more direct way than through another appeal, and that the writ of mandate is the proper remedy. *Schnepper v. Whiting* (S. D.), 99 N. W. 84; *State ex rel. Bradbury v. Thomp-*

*son* (Neb.), 95 N. W. 47; *State ex rel. Sanchez v. Call,*
36 Fla. 305, 18 South. 771; *State ex rel. Board v. Judge,*
48 La. Ann. 664, 2 South. 215; *Koonce v. Doolittle,*
48 W. Va. 592, 37 S. E. 644; *State ex rel. Horton v.
Dickinson,* 63 Neb. 869, 89 N. W. 431; *American etc.
Placer Co. v. Rich* (Idaho), 69 Pac. 280.

The further argument is made by respondents that the
issuance of an execution is the ministerial duty of the
clerk of the lower court, and that the judge has no duty
in connection therewith, which can be the subject of man-
datory direction.   The petition shows that the court has
quashed one execution which the clerk did issue, and
has refused to direct the issuance of another.   The court
controls its own process and the clerk issues executions
under its direction.   When the court itself, the source of
authority, refuses to direct an execution which has been
commanded by an appellate tribunal, he is refusing to
perform an act which is enjoined upon him as a duty re-
sulting from his office, within the terms of § 5755, Bal.
Code.   The demurrers to the petition are therefore over-
ruled.

At the hearing respondents requested that in the event
the demurrer should be overruled they should then be
accorded the privilege of answering the petition.   The
hearing however came on regularly upon notice and was
therefore final.   It is the practice at the hearing of origi-
nal applications in this court to hear arguments challeng-
ing the sufficiency of the petitions, and such challenges
are usually raised in the record by filing demurrers.   But
the cases are at the same time before the court to be heard
for all purposes, and if respondents desire to raise any
issue on the facts, they must do so by answer filed along
with the demurrer, and the two must be submitted at the

same time. This cause is therefore now before us for final disposition.

For the reasons hereinbefore stated, we think the relator is entitled to the writ of mandate asked, and it is ordered that the same issue.

ANDERS, DUNBAR, and MOUNT, JJ., concur.