[No. 7148.  Decided April 24, 1908.]

GERMAN-AMERICAN STATE BANK, *Respondent*, v. SPOKANE-COLUMBIA RIVER RAILROAD AND NAVIGATION COMPANY, *Appellant*.[1]

PLEDGES—WRONGFUL ENFORCEMENT—SALE IN BAD FAITH.  Where the payee of a note of a corporation, holding collateral under a power to sell at private sale without notice, refused to consider an offer of $5,000 for the collateral, made by stockholders of the corporation, and subsequently sold the collateral privately for $2,500, the payee is guilty of bad faith and is liable to the corporation for the actual value of the collateral, since it was bound to realize as near the value as possible.

EVIDENCE—COMPETENCY—VALUE OF PROPERTY.  A rejected offer of a price for property, made in good faith, is competent evidence of its value, as against the owner denying such value.

PLEDGES—WRONGFUL ENFORCEMENT—EVIDENCE OF VALUE.  Where the holder of collateral refused an offer of $5,000 therefor, and then sold the same privately for $2,500, and there was no other evidence of the value of the collateral, the same should be found to be $5,000.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered April 8, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a promissory note. Reversed.

*B. C. Mosby,* for appellant.

*Merritt, Oswald & Merritt,* for respondent.

PER CURIAM.—This is an action to recover a balance alleged to be due and owing upon a promissory note. The complaint alleges that the defendant, on or about the 13th day of December, 1905, executed its note to the plaintiff for the sum of $5,000, payable ninety days after date, with interest thereon at the rate of twelve per cent per annum from date until paid. After allowing certain credits, judgment is

[1]Reported in 95 Pac. 261.

asked for $2,420, with interest, and also for $500 as attorney's fees. The answer shows that, on the 19th day of May, 1906, B. C. Mosby was appointed receiver for the defendant corporation, and that, having duly qualified as such, he answered as receiver in behalf of the defendant. It is denied that any sum is due and owing upon the note, and it is affirmatively alleged that, after the execution of the note, the plaintiff and the defendant entered into a written agreement concerning the note in suit, by the terms of which certain promissory notes—sixty-one in number—the property of the defendant, and of the aggregate face value of approximately $15,-000, were assigned and delivered to the plaintiff as collateral security for the payment of the defendant's aforesaid note; that afterwards the plaintiff wrongfully converted about three-fourths of the collateral notes to its own use through a fraudulent sale thereof; that the sale was made for $2,500, which was about one-fourth of the actual value of the notes. It is alleged that the defendant is entitled to recover against the plaintiff the sum of $4,083, and judgment is asked for that amount. The plaintiff replied that the agreement concerning the collateral notes provided that the plaintiff might sell and dispose of them without demand, notice to redeem, or notice of the time, place, or manner of sale, and at public or private sale; that in accordance therewith, the plaintiff sold the notes, except such as had been theretofore paid, for $2,-500, which sum was applied upon the defendant's note. Upon the above issues, the cause was tried before the court, without a jury, and a judgment was rendered for the plaintiff in the sum of $1,904.90 and costs, from which the defendant has appealed.

The evidence shows that two holders of stock in the appellant company went to the respondent and offered to pay the latter $5,000 for the transfer of the collateral notes. The respondent refused to do this and soon afterwards sold the notes at private sale without notice, for $2,500. No actual tender of the $5,000 was made by the exhibition of the coin,

but the circumstances showed that a tender was not necessary, since the respondent refused to consider the offer and so flatly stated at the time. Respondent argues that the offer was not made in behalf of the appellant, but that it was merely in behalf of the persons asking it for their own speculative purposes, and that respondent was under no obligations to assist them in a speculative scheme. Whatever may have been the motive of the persons who made the offer, it is nevertheless true that, if the offer had been accepted and the transfer consummated, the appellant would have benefited by it to the extent of $2,500. To that extent at least the offer was in effect in the interest and behalf of appellant. Respondent held the collateral notes in trust for appellant for a specified purpose, and was under both the moral and legal obligation to realize for them a sum as near their actual value as could be reasonably obtained. Having refused an offer of $5,000, respondent afterwards deliberately sold the notes privately for $2,500. It is true the agreement was that the notes could be sold privately, but the law implies that, under all such agreements, at least ordinary good faith shall be exercised. We think the circumstances stated do not show good faith, and that the respondent must be held liable for the actual value of the collateral notes.

What was the real value as shown by this record? The offer of a price for property made in good faith and rejected by the owner is competent as evidence of value. 16 Cyc. 1136, 1141, 1143. The offer of $5,000 in this case was therefore competent evidence of value. Respondent produced no evidence upon the question of value, except that it was offered and had accepted $2,500. That, however, did not overcome the force of the other evidence, that it had been offered and had rejected $5,000. With the evidence standing thus, we think the value must be found to have been $5,000. Respondent in its complaint, along with other credits, allowed a credit of $2,500 upon appellant's note, as the proceeds of the sale of the unpaid collateral notes. There remains therefore $2,-

500 more to be placed to appellant's credit. After deducting from the $2,500, the amount the court found to be the balance upon appellant's note, judgment should go against respondent and in favor of appellant for the remainder.

The judgment is reversed, and the cause remanded with instructions to enter judgment in accordance with this opinion.