[No. 7440. Decided July 11, 1908.]

GERMAN-AMERICAN STATE BANK, *Relator*, v. E. H. SULLIVAN, *Judge, Respondent.*[1]

APPEAL—DECISION—LAW OF CASE—MANDATE—COMPELLING ENTRY OF JUDGMENT. Where a case is remanded on appeal with directions to enter judgment in a specified amount, and no modification is requested in the appellate court, the judgment becomes the law of the case; and where the trial court is about to add interest thereto, mandamus lies to compel entry of the judgment as directed.

Application filed in the supreme court June 8, 1908, for a writ of mandate to compel the superior court for Spokane county, Sullivan, J., to enter judgment as directed in an opinion rendered on appeal. Granted.

*Merritt, Oswald & Merritt*, for relator.

*B. C. Mosby*, for respondent.

PER CURIAM.—This proceeding is an original application in this court for an order in the nature of a writ of mandate directed to the superior court of Spokane county and to

[1]Reported in 96 Pac. 522.

E. H. Sullivan, a judge thereof. The application is docketed as a separate cause, but it relates to the kind of judgment that shall be entered by the superior court in cause numbered in this court 7148, and entitled, *"German-American State Bank v. Spokane-Columbia River Railroad and Navigation Company,"* heretofore decided by this court and reported in 49 Wash. 359, 95 Pac. 261. Reference is hereby made to that opinion for an understanding of the controversy here.

It will be observed that the opinion closes as follows:

"There remains therefore $2,500 more to be placed to appellant's credit. After deducting from the $2,500, the amount the court found to be the balance upon appellant's note, judgment should go against respondent and in favor of appellant for the remainder. The judgment is reversed, and the cause remanded with instructions to enter judgment in accordance with this opinion."

The application states that, upon the return of the cause to the superior court, the above-mentioned judge announced that he will not follow literally the above directions in the opinion, but that, in entering the judgment, he will include interest not mentioned in the opinion. This application states that the court found in the other case that the balance due upon the note was $1,904.90, which sum deducted from $2,500 leaves $595.10. A literal following of the direction in the former opinion calls for judgment in the last-named sum against the respondent in that case, who is the relator here. It is the view of the trial court, however, that interest should be added upon the $595.10 from the date of the original judgment, such interest amounting to $41.60. The directions in the opinion are, however, explicit and no mention is made of such interest item. To include interest would necessarily in effect involve a modification of the judgment here. No motion was made by the appellant who prevailed here for such modification. That cause has now been finally determined by this court, and the mandate contained in the

opinion is the law of the case. It will therefore be necessary for the trial court to enter the judgment omitting the interest item, and it is so ordered.