[No. 11433. Department One. December 5, 1913.]

Pacific Drug Company, *Respondent*, v. J. J. Hamilton, *Defendant*, Pacific Coast Casualty Company, *Appellant*.[1]

Appeal—Decision—Proceedings After Remand—Power to Amend Judgment. Upon a decision of the supreme court "affirming" a judgment, the lower court is without jurisdiction to amend its judgment by an *ex parte* order so as to include as party defendant a surety for costs on appeal who was not a party to the action.

Appeal from an order and judgment of the superior court for King county, Humphries, J., entered March 4, 1913, denying a motion and modifying a judgment. Reversed.

*Harrison B. Martin*, for appellant.

Gose, J.—This is an appeal from an order denying a motion to quash an order entered *ex parte* modifying a judgment which had been affirmed by this court, and from the order modifying the judgment.

[1] Reported in 136 Pac. 1144.

The facts are these:  On the 3d day of February, 1912, a judgment was entered in favor of the Pacific Drug Company, a corporation, against the defendant, J. J. Hamilton, in a suit then pending in the superior court of King county. On the 10th day of February, 1913, this court affirmed the judgment.  On the 4th day of March, 1913, after the filing of the remittitur in the court below, on the *ex parte* application of the plaintiff, the court entered an order amending the judgment so as "to include as party defendant the said Pacific Coast Casualty Company, a corporation."  The appellant, the Pacific Coast Casualty Company, thereafter and on the 25th day of March, appeared specially and moved the court to quash its amended judgment, on the ground, (1) that it was entered *ex parte*, and (2) that the court had no jurisdiction either over the subject-matter or of the person of the appellant.  This motion was denied.  This appeal followed.  The respondent has not favored us with a brief.

The case on appeal is reported in 71 Wash. 469, 128 Pac. 1069.  This appellant was not a party to the original proceeding in the court below or in this court, except that the judgment of this court ran against it as surety for the costs upon appeal.  The final disposition of the case in this court was that the judgment "is affirmed."

The respondent made no application in this court to have its judgment extended to include the appellant.  It was the duty of the court below to carry out the judgment of this court.  It had no power to do otherwise.  The amended judgment against the appellant was a nullity.  Rem. & Bal. Code, § 1741 (P. C. 81 § 1235) ; *State ex rel. Wolferman v. Superior Court*, 8 Wash. 591, 36 Pac. 443 ; *State ex rel. Jefferson County v. Hatch*, 36 Wash. 164, 78 Pac. 796 ; *German-American State Bank v. Sullivan*, 50 Wash. 42, 96 Pac. 522.

The judgment of the lower court amending the former judgment and the order of the court refusing to vacate it are reversed, with directions to vacate the amended judgment.

CROW, C. J., CHADWICK, ELLIS, and MAIN, JJ., concur.