[No. 12201.   Department Two.   September 13, 1915.]

P. C. RICHARDSON, *Respondent*, v. SARAH C. SEARS *et al.*, *Appellants.*[1]

APPEAL—DECISION—REMAND—PROCEEDINGS IN LOWER COURT—MODIFICATION OF DECREE. Upon an affirmance on appeal of that part of a decree of specific performance which made payment of the balance of the purchase price a condition precedent to the execution of the deed, the superior court has no power, after remittitur, to enter judgment directing conveyance of the property without prepayment of the purchase price, and creating a lien or equitable mortgage to secure the payments; since the same was a material modification, and the lower court has no power to enter any other judgment than that directed by the appellate court, whose consent must be obtained before moving for a modification of the decree.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 17, 1914, in favor of the plaintiff, after an order of remand from the supreme court, in an action for equitable relief.   Reversed.

*Peters & Powell*, for appellants.

*George R. Biddle* (*Carkeek, McDonald & Kapp*, of counsel), for respondent.

FULLERTON, J.—In November, 1909, this action was instituted by the respondent, as plaintiff, against the appellants, as defendants, to compel the specific performance of a contract to convey real property.   The respondent prevailed in the action; the court entering a decree therein, the

[1]Reported in 151 Pac. 504.

material parts of which, necessary here to be noticed, being as follows:

"It is hereby ordered, adjudged and decreed that the plaintiff, P. C. Richardson, is the owner in fee simple, and entitled immediately upon payment to the defendants of the sum of $11,634.43 with interest from September 24, 1911, at six per cent per annum, to a conveyance of tract 'A' described as follows: [Describing it.]

". . . and tract 'B' described as follows: [Describing it.]

". . . and the said W. A. Peters, as administrator, the said Sarah C. Sears and the said Helen Sears, be, and they are hereby required, upon the payment of the aforesaid sum by the said Richardson, to execute and deliver to the plaintiff a good and sufficient deed to the said property, conveying the same to the plaintiff free and clear of all encumbrances.

"It is further ordered, adjudged and decreed, that upon the payment to the said defendants of the sum of eighty and sixty-two one-hundredths dollars ($80.62) by the plaintiff herein, that the said W. A. Peters, as administrator, the said Sarah C. Sears and the said Helen Sears, execute and deliver to the plaintiff a quit claim deed, conveying to the plaintiff the shore land in front of tract 'A' the same being the shore land in front of the north six and 14-100 chains of lot one (1), section twenty-six (26), all in township twenty-four (24) north, range four (4) east, W. M., King county, Washington. . . .

"It is further ordered, adjudged and decreed, if the said W. A. Peters, as administrator, Sarah C. Sears and Helen Sears shall fail, refuse and neglect to make such conveyances, that the clerk of this court be, and is hereby appointed a commissioner, to execute such deed or deeds, and that such transfer when made by such clerk and appointed as such commissioner, shall operate as a transfer to plaintiff of the said premises.

"It is further ordered, adjudged and decreed, that upon the payment of the said sums of $11,634.43 dollars and eighty and sixty-two one-hundredths dollars ($80.62) as aforesaid, and upon the execution of the said deeds of conveyance by said W. A. Peters, as administrator, and the said Sarah C. Sears and Helen Sears or in lieu thereof, by the

clerk of this court as hereinbefore provided, the defendants be, and they are hereby restrained and enjoined from thereafter asserting any right, title or interest in or to any of the property described in this decree.

"It is further ordered, adjudged and decreed, that the foregoing amounts to be paid by the said P. C. Richardson to the defendants herein shall draw interest at the rate of six per cent per annum from September 24, 1911, until they are paid into court or to said defendants.

"It is further ordered, adjudged and decreed, that the said P. C. Richardson shall have ninety (90) days from and after the entry of this decree in which to pay said amounts aforesaid, into court, or to said defendants, and in the event that an appeal is taken from this decree to the supreme court of the state of Washington, he shall have ninety (90) days from the filing of the remittitur in this court in which to pay said amounts as aforesaid.

"Dated this 6th day of April, 1912.

"Boyd J. Tallman, Judge."

The cause was appealed to this court by the defendants, where the decree was affirmed, save and except as to that part of it requiring a conveyance by the defendants to the plaintiff of the shore land in front of Tract "A"; the order of this court being as follows:

"III.   By the decree of the trial court, the appellants were directed to convey, in addition to the lands described in the contract, the shore lands in front of tract 'A.' This was error. The rights of the parties must be determined from the terms of the contract. There is nothing in the contract that justifies the inference that the parties thereto contemplated that it should cover shore lands. . . .

"The cause will be remanded with direction to the superior court to modify the judgment as to the shore lands in accordance with the views herein expressed." *Richardson v. Sears,* 74 Wash. 499, 133 Pac. 1010.

The remittitur on the judgment of this court went down on January 19, 1914. On April 17, 1914, some eighty-eight days after the return of the remittitur, the plaintiff appeared in court by his attorney and submitted to the court

for entry a proposed decree claimed to be in accordance with
the order of remand from this court. The defendants' at-
torney was notified of the application and objected to the
application being heard at that time, on the ground that
the defendants had not been given three days' notice thereof.
Being overruled, he then objected to the entry of the pro-
posed decree, on the ground that it was a modification of the
original decree in respects other than was directed by the
appellate court. This objection was also overruled, where-
upon the court signed, and directed to be entered in the
cause, a second decree (certain immaterial parts being
omitted) as follows:

"This cause having come on regularly to be heard this
17th day of April, 1914, judgment of this court having been
heretofore entered herein based upon the findings and con-
clusions of the court and an appeal having been taken by
the defendants to the supreme court of the state of Wash-
ington, and a remittitur of the supreme court having been
filed herein, now therefore,

"(1) It is ordered, adjudged and decreed that defend-
ants, Sarah C. Sears, Helen M. Sears and W. A. Peters, as
administrator of the estate of Joshua M. Sears, be and are
hereby ordered to convey to P. C. Richardson in fee simple,
the following described tracts: [Describing tracts A and B
of original decree.] . . .

"(2) It is further ordered, adjudged and decreed that
the said P. C. Richardson be and is hereby required to pay
the sum of eleven thousand six hundred thirty-four and
forty-three one-hundredths ($11,634.43) dollars, with inter-
est thereon at the rate of six per cent per annum from Sep-
tember 24th, 1911, and that said payment be made within
ninety (90) days from the time the remittitur of the su-
preme court in this matter was filed in the office of the clerk
of King county, Washington, together with the costs set
forth in paragraph numbered 7 hereof.

"(3) It is further and hereby provided that said amount
ordered to be paid by said Richardson to said defendants be
and the same is hereby declared to be a lien and equitable
mortgage upon the premises hereinbefore ordered to be con-
veyed by said defendants to said Richardson, and said Rich-

ardson is further and hereby declared to be in default as to such lien and equitable mortgage if said amount and interest is not paid within ninety days from and after the time when the remittitur of the supreme court of the state in this matter was filed with the clerk of this court. . . .

"(5) It is further ordered, adjudged and decreed that if the said W. A. Peters, as administrator, Sarah C. Sears and Helen Sears shall fail, refuse or neglect to make such conveyances as have been hereinbefore ordered, that the clerk of this court be and is hereby appointed a commissioner to execute such deed or deeds, and that such transfer when made by such clerk, as such commissioner, shall operate as a transfer to plaintiff of the above mentioned premises. . . .

"Done in open court this 17th day of April, A. D. 1914.

"Boyd J. Tallman, Judge."

This is an appeal by the defendants from the last decree.

It is manifest that the decree last entered by the trial court is a modification of the decree originally entered, not directed by this court in the order of remand entered on the appeal from the original decree. In the original decree, the payment of the unpaid portion of the purchase price of the land directed to be conveyed was made a condition precedent to the execution and delivery of the deeds to the property from the defendants to the plaintiff. A compliance with the decree would have ended the controversy, in so far as the parties thereto were concerned. A payment of the money and the execution and delivery of the deeds would have given the defendants the purchase price and the plaintiff the title to the property. The order of this court on the appeal modifying the decree did not destroy its conclusive effect in that respect. The court simply held that the decree directed the conveyance of property not included in the contract between the parties, and directed that the decree be modified so as to exclude such property. The decree last entered, and from which this appeal is prosecuted, goes far beyond the order of this court. It modifies the terms of the original decree by directing the defendants to convey the property to the plaintiff without the payment of the unpaid balances,

and in lieu thereof gives them a lien on the property conveyed as security therefor. It does not even make the lien a first and superior lien. To realize thereon, unless the plaintiff voluntarily makes the payment directed, the defendants will again be compelled to resort to the courts, and may also be subjected therein to a controversy as to priorities with other lien claimants who the record shows have made large advancements to the plaintiff in order to enable him to perform, in so far as he has performed it, his part of the agreement.

It is our opinion that the trial court exceeded its powers in making the modification. We have held in a long line of cases that the trial court, after an appeal and remittitur, has no power to enter any other judgment or decree in the cause than that directed by the appellate court. *Pacific Drug Co. v. Hamilton,* 76 Wash. 524, 136 Pac. 1144; *German-American State Bank v. Sullivan,* 50 Wash. 42, 96 Pac. 522; *State ex rel. Jefferson County v. Hatch,* 36 Wash. 164, 78 Pac. 796; *State ex rel. Wolferman v. Superior Court,* 8 Wash. 591, 36 Pac. 443. We have also held that, should a party to such a judgment or decree desire to move in the superior court for a modification thereof, he must first obtain leave of this court so to do. *State ex rel. Wolferman v. Superior Court,* 7 Wash. 234, 34 Pac. 930; *Post v. Spokane,* 28 Wash. 701, 69 Pac. 371, 1104; *Kath v. Brown,* 53 Wash. 480, 102 Pac. 424, 132 Pac. 1084; *Kath v. Brown,* 69 Wash. 306, 124 Pac. 900.

We shall not follow in detail the argument of respondent's counsel by which they attempt to justify the action of the trial court. It is said that the original decree is ambiguous, was entered by mistake, and does not conform to the decision actually rendered; and that the change made therein does no more than correct this mistake and ambiguity and make it so conform. The material parts of the original decree we have quoted in the statement. Its language may be inconsistent in some particulars, but manifestly there is no

ambiguity in that part of it which the court directed to be changed. It plainly directs the payments of the balance of the unpaid purchase price to be made prior to the execution of the deed, and says nothing concerning liens or equitable mortgages; while the modified decree directs that the conveyance shall precede the payments, and creates a lien or equitable mortgage to secure the payments. This is something more than clearing the decree of ambiguities; it is a material modification of the decree.

The argument in favor of mistake has no greater force. The controversy giving rise to the decree was the subject of an extended trial, in which much evidence was taken. At the conclusion of the case, the court made findings of fact and conclusions of law, and entered a decree in conformity therewith. Clearly, after an appeal by one of the parties from the decree and an affirmance of the decree in this court, the trial court cannot, under the guise of correcting a mistake, grant the other party a more favorable decree than the one originally entered.

The decree appealed from is reversed, and the cause remanded with instructions to enter an order striking from the original decree the clause therein relating to the conveyance of the shore lands, but without change in other respects.

MORRIS, C. J., MAIN, and ELLIS, JJ., concur.