[No. 13663. Department One. December 29, 1916.]

F. B. PLATH, *as Administrator etc., Appellant,* v. PAT
MULLINS *et al., Respondents.*[1]

APPEAL—REMAND—DIRECTIONS—ENTRY OF JUDGMENT. Upon re-
versing a judgment for defendants and remanding with directions
to enter judgment for plaintiff, in an action to subject real property
to a judgment, the trial court is without power to direct an account-
ing for personal property and rents and profits, or to decree a lien
on the lands for the purchase price advanced, when those questions
were not an issue or presented or passed upon by the appellate
court.

EXECUTORS AND ADMINISTRATORS—LIENS FOR ADVANCES. Where an
administrator brought an action to subject equitable interests in
certain lands to the claims of creditors of the estate, he is not
entitled to have a lien declared for the sums he intends to advance
to pay the purchase price of the lands, but is properly relegated to
the probate proceedings where the court can make an appropriate
order with all the heirs before the court.

Appeal from a judgment of the superior court for Yakima
county, Preble, J., entered May 15, 1916, in favor of the
defendants, after order of remand from the supreme court,
in an action by an administrator to subject an equitable in-
terest in real property to the claims of creditors. Affirmed.

*Wende & Taylor* and *E. B. Velikanje,* for appellant.

*H. J. Snively,* for respondents.

CHADWICK, J.—This case was before the court and opinion
rendered in 87 Wash. 403, 151 Pac. 811. The court below
was directed to enter a judgment in favor of appellant, the

[1]Reported in 161 Pac. 1187.

plaintiff and present appellant. Counsel prepared, and submitted to the court below a form of judgment complying with our holding, and providing further that the defendants should account to the plaintiff for all personal property—situate upon the lands in controversy at the time respondents took possession—in which A. W. Burnett, deceased, had an interest, or for the value thereof, and for the rents, issues and profits of the land from and after the 4th day of November, 1910, and further providing:

"That the said lands and premises in the hands of said administrator be impressed with a lien in favor of said administrator and as against the defendant Josie Burnett and all other persons claiming as heirs at law of the said A. W. Burnett, deceased, or by, through or under the will of said A. W. Burnett, deceased, for the said sum of four thousand eight hundred twenty-six and 36-100 ($4,826.36) dollars;"

being the amount due defendants Mullins upon the contract of purchase described in our former opinion. The trial judge refused to enter the judgment in the form proposed, in so far as it required defendants Mullins to account for personal property and for the rents and profits of the lands; and in so far as it was proposed to make the amount to be paid for a deed to the premises a lien upon the lands for the purchase price to be advanced by the administrator.

While the trial judge seems to have gone extensively into the questions of accounting, we think that phase of the case may be disposed of without resorting to the pleadings or the evidence taken at the former hearing. The only question passed upon by this court was whether the land was community or separate property. We held it to be community property. The only thing left open was to provide for some method of transferring the title from defendants Mullins to the administrator of the estate of Burnett, deceased. There was no holding by this court that the defendants should account either for personal property or for the rents, issues, and profits of the land. If plaintiff conceived, as he now as-

serts, that these questions were within the issues, and not passed upon, or should have been passed upon by this court, his remedy was here, and he should have called it to our attention either by motion or by petition for rehearing. Not having done so, he cannot now take judgment in the court below upon any controverted question that goes to the merits. *Richardson v. Sears*, 87 Wash. 207, 151 Pac. 504.

Neither is plaintiff entitled to declare a lien on the land for the sum he intends to advance to the estate to pay the purchase price of the land. Equitable liens are not to be declared upon potential facts. The administrator has not, so far as the record indicates, paid any money for or on behalf of the estate. While executors and administrators are to be recompensed for advances made under the direction of, or when ratified by, the court sitting in probate, it is beyond the power of the court, under the issues tendered in this case, to create a lien dependent upon a contingency that may never occur.

Plaintiff's remedy is in the administration proceeding, where the court may, by appropriate order, sanction any advances made by the administrator, and at the same time protect the heirs and others interested in the estate. The estate will there be chargeable with all sums advanced under the direction of the court. The court may protect plaintiff by lien or other appropriate order if, in its judgment, his advances have tended to the preservation of the estate. 18 Cyc. 570.

Much of the plaintiff's argument is predicated upon the thought expressed in *Lawrence v. Halverson*, 41 Wash. 534, 83 Pac. 889, that a litigant will not, under our code system of remedies, be expelled from one door of the court with the admonition to enter at another. We are putting no such burden upon appellant. He is the administrator of the estate of Burnett, deceased, and as such has brought an independent action. It is he who has entered the court by two doors, and he should not be heard to complain if he is directed to

take his remedy in that proceeding which, in the judgment of the court, is more appropriate, and where the heirs and all parties interested may be heard in their own behalf.

Affirmed.

MORRIS, C. J., MAIN, ELLIS, and WEBSTER, JJ., concur.