[No. 22170. Department One. January 26, 1931.]

S. K. GUDMUNDSON et al., Appellants, v. COMMERCIAL BANK & TRUST COMPANY et al., Respondents.[1]

[1]Reported in 295 Pac. 167.

*Chadwick & Chadwick* and *Sam R. Sumner,* for appellants.

*Hughes & Hughes* and *Barrows & Gemmill,* for respondents.

MILLARD, J.—On January 6, 1920, S. K. Gudmundson and wife entered into a contract with the Commercial Bank & Trust Company, of Wenatchee, to purchase from the latter twenty-eight acres of orchard land in Chelan county. Contemporaneous with the execution of that contract, Gudmundson leased the land to one Marcy on a fifty per cent crop basis, Gudmundson's one-half to be paid to the bank (Gudmundson's agent and attorney-in-fact to represent Gudmundson during his absence in Alaska), to apply towards the payment of the purchase price of the land. In 1923, Gudmundson commenced an action to rescind the contract and to recover damages, upon the ground that the contract had been obtained by false and fraudulent representations. By cross-complaint, defendants prayed specific performance of the contract. As the trial court was preparing to rule upon the merits of the controversy, the plaintiffs offered, and were permitted, to make a trial amendment to their complaint, to the effect that the defendants had taken possession of the property since the commencement of the action, having leased same to one Pruitt, and had thereby accepted a rescission of the contract. The trial court found that there was no fraud on the part of any of the defendants, except Marcy. The court found that there was misrepresentation on the part of Marcy (this man was promised a commission by the bank, if he found a purchaser for the land), for which his principal, the bank, was liable, and rendered judgment rescinding the contract and awarding substantial damages to the plaintiffs. On appeal (*Gudmundson v.*

*Commercial Bank & Trust Co.,* 138 Wash. 355, 244 Pac. 676), the judgment was reversed and the cause remanded, with directions to the superior court to dismiss the plaintiffs' action. In that opinion, we said:

"We have disregarded the trial amendment, offered and allowed just as the trial court was about to rule upon the merits of the controversy: first, because the case was not decided below upon that theory; and, second, because, if the case was to be submitted upon the new issue, appellants should have been permitted to meet it by any competent evidence they might have been able to produce within a reasonable time."

Plaintiffs filed a petition for rehearing, which defendants were required to answer. In their petition for rehearing, the plaintiffs argued, substantially, as follows:

It was not necessary, nor were the defendants entitled, to offer evidence in defense of the amendments, as the undisputed testimony of the defendants proved accepted rescission of the contract. It was within the discretion of the trial court to permit the trial amendment. The Pruitt lease was so obviously an acceptance of rescission of the contract, the plaintiffs asked leave to make the trial amendment and set up the fact of its execution. This issue, tendered by the trial amendment, was not denied, and stood as admitted. Defendants maintained they had sold an orchard which was, in fact, a commercial orchard. Nevertheless, by their conduct in leasing the land and cutting down the trees and replacing same with other varieties, the defendants confirmed the very fact relied upon by the plaintiffs, that is, that the orchard was not a commercial orchard, and would never be, until it had been dug out, in part, at least, and replaced by commercial varieties and fruits suited to short water season. It was further argued that our disregard of the trial amend-

ment was upon the mistaken notion that plaintiffs brought the issue of accepted rescission into the case, and that the defendants should have had a reasonable time to produce evidence; whereas, the fact is that the testimony was introduced by the defendants, and, in the absence of a trial amendment, the pleadings are presumed to be amended to conform to the proof. We erred in disregarding accepted rescission "because the case was not decided below upon that theory." The rule is, in a trial *de novo,* that it matters not upon what theory or upon what ground the court decided below, if the decision is right upon any ground. The question was not whether the lower court arrived at a correct conclusion by an incorrect process of reasoning, but whether, considering all the evidence, its decision was the proper one to be entered. The trial amendment was offered to conform to the proof, not to raise a new issue. A trial amendment was not necessary. "The fact was already in the record and under the statute and uniform rule of this court it is just as much in the record as any other fact."

The plaintiffs' petition for rehearing was denied, and judgment was entered upon the remittitur. Thereupon, plaintiffs filed an original petition in this court, praying permission to move against the judgment. The application was made to this court upon the ground that the judgment, having been one directed upon the appeal, could not be moved against in the superior court, without first obtaining permission of this court. Granting the prayer of the plaintiffs to move against the judgment because of matters occurring subsequent to its rendition, we said (*Gudmundson v. Commercial Bank & Trust Co.,* 141 Wash. 11, 250 Pac. 348):

"*In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338, it is said:

" 'So we have held that a judgment of the superior court, appealed to this court and determined upon its merits, becomes in effect a judgment of this court, and that the trial court is without power after its remand to vacate or otherwise modify it on motion or petition except in such manner as may be necessary to carry out the mandate of this court. *Kath v. Brown,* 53 Wash. 480, 102 Pac. 424, 132 Am. St. 1084; *Richardson v. Sears,* 87 Wash. 207, 151 Pac. 504; *Pacific Drug Co. v. Hamilton,* 76 Wash. 524, 136 Pac. 1144; *State ex rel. Jefferson County v. Hatch,* 36 Wash. 164, 78 Pac. 796; *State ex rel. Wolferman v. Superior Court,* 8 Wash. 591, 36 Pac. 443.

" 'The latter rule is subject to the modification, however, that this court will, upon a proper showing made within the year, grant leave to apply to the lower court for the vacation of a judgment affirmed by this court, for all or any of the causes set forth in § 303 of the code or for any or all of the causes set forth in the chapter of the code included within §§ 464-473. *Post v. Spokane,* 28 Wash. 701, 69 Pac. 371, 1104; *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740; *Post v. Spokane,* 35 Wash. 114, 76 Pac. 510; *Kath v. Brown,* 69 Wash. 306, 124 Pac. 900; *Kawabe v. Continental Life Insurance Co.,* 97 Wash. 257, 166 Pac. 617.'

"In the present application, the *prima facie* showing made by the petition and the affidavits is to the effect that, since the trial in the superior court above mentioned, the defendant in the action has entered into possession of the property, exercised full and complete control thereof, and has cut and removed a large number of the fruit trees growing thereon. No resistance has been made to the application. The matters just referred to are things which have occurred since the trial and the entry of the judgment by the superior court rescinding the contract, and therefore they were not involved in the trial or upon the appeal. Upon the facts presented, a *prima facie* case for relief is made."

Alleging, in their petition, the facts upon which they based their application to this court for permission to

proceed against the judgment, the plaintiffs instituted a proceeding in the superior court for Chelan county to set aside and vacate the judgment,

". . . entered upon the remittitur, and granting to the plaintiffs rescission of said sale, and judgment for their damages heretofore determined, and for such other relief as the court may deem to be just and equitable."

Defendants' motion to strike certain paragraphs of the petition was denied, as was their demurrer upon all statutory grounds, the court ruling, first, that the issue of fraud in the case had been settled by the prior judgment of this court; and, second, that the issue of accepted rescission was apparently not considered or decided by the trial court or by this court. Defendants answered, hearing was had, and the petition to vacate the judgment was denied. Plaintiffs have appealed.

Appellants argue that the action of respondents was inconsistent with their plea of specific performance, and was apparently consistent with the appellants' contention that the respondents should take the property for their own use and benefit, and repay the appellants all sums paid of the purchase price; that the doctrine of accepted rescission became a controlling issue in the case, and that

". . . disregard of the issue of accepted rescission by this court was without proper consideration and contrary to the usual practice and governing principles of law. . . . We complain not of a wrong suffered in the trial court, but for a wrong suffered in this court and for subsequent conduct, which coupled with the issue tendered and which was not decided, establishes an oppression and an injustice which can not be cured under any statutory proceeding and for which we have been given permission to file an independent suit in the nature of an equitable proceeding. . . . If the supreme court had passed upon the question of accepted rescission, however erroneous its judgment

may have been, we would be without a remedy. But we have not been guilty of any omission. We have demanded a hearing which, up to the time this case was begun with permission of this court, had been denied us.''

Appellants are now complaining, as they complained in their petition for rehearing of the original action, of our disregard of the issue of accepted rescission.

Facts that happened prior to the entry of the judgment, and were made of record by trial amendment, as alleged in appellants' petition to vacate the judgment, may not be made a basis for setting aside the judgment. Those matters, which, the appellants contend, constituted accepted rescission, are *res adjudicata* under the judgment which was reversed. (*Gudmundson v. Commercial Bank & Trust Co.*, 138 Wash. 355, 244 Pac. 676.) In granting permission to move against the judgment, we clearly and expressly limited the grounds of the petition to vacate the judgment to

''. . . things which have occurred since the trial and the entry of the judgment by the superior court rescinding the contract, and therefore they were not involved in the trial or upon the appeal.''

When this court reverses a judgment, and remands the cause to the trial court with directions to dismiss the action, the trial court has no authority to enter any judgment not in conformity with our order. The judgment entered upon the remittitur becomes the judgment of this court. The trial court is powerless to vacate or modify that judgment, other than as directed by this court. That rule, however, as stated in *In re Shilshole Avenue*, 101 Wash. 136, 172 Pac. 338, is subject to the modification that, when the petitioners bring themselves within some of the provisions of Rem.

Comp. Stat., § 303 and §§ 464-473, this court will grant leave to apply to the lower court for the vacation of such judgment.

"A trial court has no authority to enter any judgment or order not in conformity with the order of the appellate court. That order is conclusive on the parties, and no judgment or order different from or in addition to that directed by it can have any effect, though it may be such as the appellate court ought to have directed. Where the mandate of an appellate court directs a specific judgment to be entered, the tribunal to which such mandate is directed must yield obedience thereto. No modification of the judgment so directed can be made by the trial court, nor can any provision be ingrafted on or taken from it. Relief from changed conditions or rights accruing pending the appeal on which the entry of a specific judgment is ordered can be had only by resort to some sort of original proceeding by which appropriate relief may be secured. It cannot be by way of defense to the judgment directed. The reason for this rule is obvious. When a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but obey; otherwise, litigation would never be ended, and the reviewing tribunal would be shorn of that authority over inferior tribunals with which it is invested by fundamental law. Thus when a decree is reversed and the cause is remanded with a direction to enter a particular decree as upon the merits of the subject-matter thereof, the mandate is final and conclusive upon all parties as to all matters and things so directed; and no new defenses existing and known at the date of the decree so reversed can be entertained or heard in opposition thereto." 2 R. C. L., p. 289, § 244.

The trial court rightly held that unless the appellants brought themselves within some of the provisions of § 303 or §§ 464-473, Rem. Comp. Stat.—and this the appellants concede they cannot do—it could not vacate the judgment. In granting leave to the appellants to move against the judgment, the jurisdiction of the trial court was in no wise different or greater than its jurisdiction would have been, had there been no appeal from the judgment entered by the trial court. In that event, the judgment would have been the judgment of the trial court. When the cause was remanded by this court with directions to dismiss the action, the judgment entered by the trial court in conformity with our mandate became our judgment, hence the necessity of permission of this court to move against that judgment. Unless, as we plainly held in *Gudmundson v. Commercial Bank & Trust Co.*, 141 Wash. 11, 250 Pac. 348, upon the hearing of the appellants' petition to vacate the judgment, the appellants made such a showing as brought their case within the provisions of Rem. Comp. Stat., § 303 and §§ 464-473, the trial court would have no authority to vacate the judgment.

It will be noted that appellants, in their petition for rehearing, insisted that the trial amendment was not necessary; that on appeal the case was before us for trial *de novo*, and that the pleadings would be deemed amended to conform to the proof; that the question was not whether the lower court arrived at a correct conclusion by an incorrect process of reasoning, but whether, considering all the evidence, its decision was the proper one to be entered.

Upon the petition for rehearing, the record of the original action was again before us, and the opportunity was afforded us, a second time, of considering all of the evidence. The undisputed testimony, upon which appellants relied to establish accepted rescis-

sion, was in that record. True, the trial court proceeded upon the theory that the appellants had sustained the burden of proving fraudulent representations, and upon that issue decided the cause in appellants' favor, but disregarded the issue of accepted rescission. We, too, disregarded the second issue in reversing the judgment,

". . . because the case was not decided below upon that theory; and, second, because, if the case was to be submitted upon the new issue, appellants [defendants] should have been permitted to meet it by any competent evidence they might have been able to produce within a reasonable time."

The appeal in the original action brought before us both issues of the controversy. While we reversed the judgment on the first issue and disregarded the second, when the questions were again presented by the petition for rehearing and the answer thereto, both questions were again considered. It will be conclusively presumed, from our denial of the petition for rehearing, in which the questions of fraudulent representations and of accepted rescission were fully presented by the appellants and answered by the respondents, that we re-examined the record and again considered those questions; therefore, they have been finally adjudicated. The denial of the petition for rehearing was the end of the case, and of all matters in issue or which might have been litigated therein. Though we did not file a written opinion, we considered, a second time, all the questions raised, and, in denying the petition, the cause was thereby determined, and all of the questions presented in that case are at rest forever.

A very similar situation was presented in *Spitzley v. Garrison*, 208 Mich. 50, 175 N. W. 390, in which it was held that, where the decision of the supreme court was expressly confined to one of the questions raised,

and plaintiffs moved for a rehearing, challenging the court's attention to the undetermined questions, and the rehearing was denied, such denial must be construed as settling said questions adversely to the petitioners. That case differs from the case at bar, in that, in the former, all of the questions in issue were adjudicated by the trial court, while, in the latter, the trial court apparently disregarded the issue of accepted rescission. The court said:

"The following rule has been laid down for testing the question as to whether a matter of law or fact was *res judicata:*

"'A matter or question, either of law or fact, is *res judicata*, or set at rest, as to adverse parties and their respective privies, if it was a material issue in the proceeding, directly invoked, and not merely incidentally cognizable nor collaterally in question, and was adjudicated after a contest, by final judgment on the merits.' 1 Van Fleet's Former Adjudication, p. 2, approved in *LeRoy v. Collins,* 165 Mich. 380.

"It appears to be conceded that the questions of the validity of the execution sale and the question affecting the trust company were in issue and were material issues in the trial court, and that they were adjudicated after a contest by a final judgment on the merits. Therefore, we must conclude that the adjudication in the trial court was full and final upon all of the material questions raised. But can it be said that there was an adjudication of these undetermined questions in this court? The decision in this court was expressly confined to the one question, and that was the question of fraud. The questions of fraud were distinct, having no such relation to the other questions as that a decision thereon would affect the remaining questions. The questions were squarely raised and plaintiffs were entitled to the judgment of this court on each one of them. Thus far we think plaintiffs' contention is right. But following this an application for a rehearing was made and this court's attention was expressly challenged to those undetermined questions, and after a consideration thereof the application for rehearing was

denied. This can be construed in no other reasonable way than that this court refused to give plaintiffs any relief upon those undetermined questions. It is quite possible that it would have been better had we written something upon the denial of the application for rehearing, but in the hurry of the work it was not done. We think the denial of the application for rehearing must be construed as settling the two questions in controversy adversely to plaintiffs' contention.''

The judgment is affirmed.

TOLMAN, C. J., PARKER, BEALS, and MITCHELL, JJ., concur.