(No. 6017. December 21, 1933.)

JOHN H. NORDQUIST, Respondent, v. THE W. A. SIMONS COMPANY, an Idaho Corporation, Appellant.

[28 Pac. (2d) 207.]

Walter H. Hanson and F. C. Keane, for Appellant.

H. J. Hull, for Respondent.

HOLDEN, J.—The respondent was the owner of certain property located at Wallace, Idaho, called the Liberty Theatre. August 27, 1928, he leased, in writing, that property to the appellant for a term of three years, commencing September 1, 1928, and ending September 1, 1931, at a monthly rental of $175 per month. Appellant occupied the leased

premises and paid the rent as provided by the lease. July 30, 1931, appellant gave respondent written notice that it would vacate the property at the expiration of the term. Upon the expiration of the term, appellant continued in possession of the premises up to and including May 28, 1932. June 13, 1932, the respondent commenced this action against appellant to recover ten months' rent at the rate of $175 per month, the monthly rental fixed by the lease. The cause was tried by the court, sitting with a jury, at the December, 1932, term of the district court for Shoshone county. The jury returned a verdict and the court rendered judgment in favor of respondent, from which judgment defendant appeals to this court.

Appellant complains that certain instructions given by the court covering the reasonable rental value of the theatre were erroneous, for the reason that there was no evidence of reasonable rental value and also for the reason that no issue as to the reasonable rental value of the property was raised or formed by the pleadings. It, therefore, becomes important to determine the issues as formed by the pleadings.

The first paragraph of respondent's complaint alleges the corporate existence of the appellant; the second alleges the execution of the written lease by which the property was leased for a term of three years commencing September 1, 1928, and ending September 1, 1931; sets forth a description of the property leased, pleads and makes that instrument a part of his "complaint as fully and with the same effect as though pleaded *in haec verba.*"

Paragraph numbered three alleges that:

"The defendant entered into possession of said leased premises under the terms of said lease, Exhibit 'A,' and remained in possession thereof, and paid all rent accruing thereunder for the full term of said lease, to-wit, until the first day of September, 1931. Upon the expiration of the term of said lease, on the 1st day of September, 1931, the defendant held over and continued in possession of said premises to and including the 28th day of May, 1932, at

which time the defendant, without previous notice to the plaintiff, vacated and abandoned said premises.''

And the fourth and last paragraph alleges that:

''The defendant has failed, refused and neglected to pay the rent upon said premises since the 1st day of September, 1931, and there is now ten months rent, at the rate of $175.00 per month, to-wit, rental from the 1st day of September, 1931, to the 1st day of June, 1932, both inclusive, or the total sum of One Thousand seven hundred fifty dollars ($1,750.00) due and owing to the plaintiff from the defendant. Payment thereof has been demanded and no part thereof has been paid.''

The written lease, so pleaded, contains the following clause: ''And if the party of the second part (appellant) shall hold over the said term without the consent, express or implied, of the party of the first part (respondent), such holding shall be construed to be a tenancy only from month to month.''

Appellant answered and counterclaimed. It admitted paragraph numbered one alleging its corporate existence, as well as paragraph numbered two alleging the execution of and pleading the written lease. It also admitted entering into possession of the premises under the lease, its occupancy of the property during the full three year term, and its abandonment of the premises in the latter part of May, 1932, and then denied each and all of the other allegations of the complaint. By its counterclaim and affirmative defense, appellant, among other things, pleaded: That July 30, 1931, it gave respondent notice of its intention to vacate the leased premises, annexing a copy of the notice; that shortly prior to the expiration of the lease an oral agreement was reached between the parties in substance to the effect that appellant could occupy the theatre pending and during negotiations for a new lease, and that if a new lease should not be agreed upon, then that no charge would be made for the occupancy of the property. The counterclaim and affirmative defense contain other allegations, but we do not

deem such allegations material to the consideration of any question raised on this appeal.

It appears, then, from the complaint, that respondent sought to recover ten months' rent (the period during which appellant remained in possession of the property after the expiration of the lease), at the rate of $175 per month (the exact monthly rental fixed by the lease), and also that he based his right to recover squarely upon the terms and conditions of the written lease, coupled with the fact of such occupancy of the property by appellant. The appellant denied the allegations of the complaint upon which respondent based his right to recover, and then and for the purpose of defeating a recovery, pleaded the alleged and above-stated oral agreement. Therefore, if respondent was entitled to recover at all, it would necessarily have to be upon the case stated in his complaint, and not upon any other. In other words, respondent was entitled, under his complaint and the evidence he adduced in support of that complaint, to recover for ten months' rent, at the rate of $175 per month, or the total sum of $1,750, or he was not entitled to recover any sum or amount whatever, and that that was the view and the theory of the respondent himself is placed beyond serious controversy by the following excerpt from the opening statement to the jury:

"It is therefore our contention in this case that he (respondent) is entitled to recover rent for the nine months they (appellant) occupied the building (theatre) and an additional month because of their failure to give him notice of their discontinuance on the first of May, and that that rent is due at $175.00 per month."

Nevertheless, at the close of all the evidence, and after both sides had rested, the court instructed the jury as follows:

"If you find from the preponderance of the evidence that the defendant held over the term of its written lease, and that there was no agreement for free rent; but that there was an agreement for a reduced rental, the exact amount of which was never definitely determined, then you are in-

structed that under such facts the plaintiff is entitled to recover the reasonable rental value of the premises for the period in question."

"In determining what is a reasonable rental value, you are entitled to take into consideration the rental value fixed by the parties in the written lease under which the defendant formerly occupied the premises, and any other evidence before you as to what the parties themselves may have considered to be a reasonable value, and any other evidence in the record on the question of reasonable rental value."

"You are instructed that where a party occupies the premises of another without any agreement for the payment of rent, the law implies a promise on the part of the occupant to pay for the use and occupancy thereof the reasonable rental value thereof, unless an agreement is proven to exist between the parties that the occupancy was to be without rent."

"If then you find from a preponderance of the evidence that the defendant occupied the Liberty Theatre from September 1st, 1931, to June 1st, 1932, without any agreement as to the amount of the rent . . . . then you are instructed that the plaintiff under such circumstances would be entitled to recover from the defendant the reasonable rental value of the premises. In determining what is the reasonable rental value, you are entitled to consider the rental agreed upon by the parties during the period the defendant occupied the premises under the written lease, and also any other evidence tending to show the value the parties themselves attached to it, and any other evidence in the record on the question of reasonable rental value."

Respondent sought to recover a specific sum upon an alleged tenancy from month to month, arising out of and *under a written instrument*, and not upon a *quantum valebat*. And, further, no issue as to the reasonable rental value of the theatre was formed, or raised, by the pleadings. And, too, the evidence adduced by the respondent was in support of the case alleged in his complaint and against the defense made by appellant. Consequently, the instruc-

tions of the court covering a nonexistent issue of "reasonable rental value" were inapplicable, confusing and misleading, and that such instructions were actually confusing and misleading unmistakably appears from the verdict of the jury which was for the sum of $900, but which, if the jury intended to find the facts in favor of the respondent concerning the case alleged in his complaint, must necessarily have been for the full sum of $1,750, and would have been, if that were true, for that amount, if the jury had not been misled by the confusing and misleading "reasonable rental value" instructions into returning a verdict for what it concluded to be the reasonable rental value, to wit, $900.

The fact that an instruction may be correct as a general principle of law is not material, because it was the duty of the trial court to confine itself to a statement of such principles of law as were applicable to the evidence admitted in support of the contentions of the parties, and thus to aid the jury in arriving at a correct determination of the issues involved, for if an instruction is not thus based on the evidence it is erroneous in that it introduces before the jury issues not presented thereby, and is well calculated to mislead and induce them to suppose that a state of facts constituting such issues existed, in the opinion of the court, under the evidence and might be considered by them. (14 R. C. L., sec. 51.)

And in determining the scope of its instructions the court must keep in mind the issues made by the pleadings in the case, and the evidence adduced in support thereof, and no instruction should be given which tenders an issue that is not supported by the pleadings and such evidence, or which deviates therefrom in any material respect. The theory upon which the rule is founded is that the giving of an instruction outside the issues made by the pleadings tends to mislead the jury into the belief that such an issue is before them and bring them to an improper verdict. (14 R. C. L., sec. 50.)

Respondent forcefully and earnestly contends that by the lease the parties had themselves fixed $175 as reasonable for the years 1928 to 1931, and that the parties had also fixed $150 as reasonable value during periods when a sufficient number of the mines had closed to "seriously affect" business, and that respondent's offer to accept $125 per month for the hold-over period, and appellant's offer to pay $75 per month for six months and $100 per month for six months (made during the negotiations for a new lease) were competent evidence of the reasonable rental value of the property, and in support of that contention cites *Smith v. Hurley,* 73 Or. 268, 143 Pac. 1123, *German-American State Bank v. Spokane-Columbia R. & N. Co.,* 49 Wash. 359, 95 Pac. 261, and *Barlow v. Salt Lake & U. R. Co.,* 57 Utah, 312, 194 Pac. 665, 667. *Smith v. Hurley, supra,* was a case involving the conversion of patent rights and for deceit, and the court held that "on an issue as to the value of patent rights, evidence of an offer by defendant to sell is admissible as against him to show that the value is the amount at which the offer is made, and not merely to show that the value does not exceed that amount." In the German-American State Bank case, *supra,* it was held that "the offer of a price for property made in good faith and rejected by the owner is competent as evidence of value." And *Barlow v. Salt Lake & U. R. Co., supra,* was a personal injury case in which it was sought to recover for the services of physicians and for the amount paid for the hire of an automobile to carry the injured person home, and the Utah court held that "evidence that services of physicians were necessary for the treatment of an injured person and that their bills had been paid, made a *prima facie* case that their charges were reasonable," and that "the amount paid for hire of an automobile to carry an injured person to her home was some evidence of reasonable value, and absence of direct evidence as to the reasonableness of the charge of $8 did not require a reversal of a judgment for $2999.00."

In both the Smith-Hurley case, *supra,* and the German-Am. St. Bank case, *supra, value* was one of the principal issues, and in the Barlow case the reasonable value of the services of the physicians and the amount paid for the hire of an automobile were issues. Those cases are not applicable to the case at bar because respondent did not sue to recover the *value* of either rights or property or the reasonable rental value of the theatre. If the respondent had sued to recover the reasonable rental value of the property, then the offers referred to by him would have been competent and some evidence of reasonable value. As hereinbefore stated, the respondent sued on a written instrument to recover a specific sum alleged to be due on a tenancy from month to month, arising out of and based upon the instrument, and the case was tried upon that theory up to the moment the court instructed the jury. Therefore, to permit respondent to switch at the last moment from the case stated in his complaint to one to recover the reasonable rental value of the theatre, as the instructions complained of, did, would deprive appellant of an opportunity to make a defense and, consequently, would be most unfair and unjust.

This court held in *Gwin v. Gwin,* 5 Ida. 271, 48 Pac. 295, 302, that: "Instructions must be applicable to the evidence, and, as there was no evidence before the jury authorizing a verdict in favor of the contestant *upon the issues made* (emphasis ours), it was error to give the instructions complained of." Here there was no evidence *upon the issues made* of the reasonable rental value of the theatre; that is to say, in the case at bar, the testimony and documents which respondent contends are evidence of the reasonable rental value of the property were admitted to prove respondent's right to recover the sum of $1,750 on an alleged tenancy from month to month, and not to prove reasonable rental value. Therefore, under the rule in *Gwin v. Gwin, supra,* "there was no evidence before the jury authorizing a verdict in favor of the respondent upon the issues made," as to the reasonable rental value of the theatre.

Having reached the conclusion that the judgment of the trial court must be reversed, for the reasons hereinbefore stated, we do not deem it necessary to discuss other contentions made by both appellant and respondent, the consideration of which could not affect the reversal of that judgment. However, and inasmuch as the case must be retried, we think it proper to say that we take the view that the trial court should require the respondent to submit all his proof in support of his complaint, before resting, rather than some before and considerable afterward, in "rebuttal."

Judgment reversed, with instructions to grant a new trial. Costs to appellant.

Budge, C. J., and Morgan, Givens and Wernette, JJ., concur.