[No. 16488. Department Two. August 25, 1921.]

*In the Matter of the Estate of* SCOTT McDONALD.

FRANK D. ALLEN, *Appellant,* v. RUTH McDONALD *et al., Respondents.*[1]

EXECUTORS AND ADMINISTRATORS (160, 167)—FINAL ACCOUNT—ADDITIONAL COMPENSATION—ATTORNEY'S FEES—TIME FOR APPLICATION. The failure of an executor, upon the hearing in the trial court of exceptions to his final account, to present testimony as to the reasonable additional compensation due him on account of the employment of an attorney to resist the exceptions, which were sustained by the court, would not foreclose proof upon such issue upon a rehearing by the trial court after reversal of its order sustaining the exceptions.

APPEAL (494)—DECISION—POWERS AND DUTIES OF LOWER COURT—INCIDENTAL RELIEF. Where a judgment sustaining exceptions to an executor's final account was reversed and remanded without directions to enter a specific judgment, upon which the trial court entered judgment overruling the exceptions, it was entitled to consider as incidental to such judgment the amount of compensation to be awarded the executor for attorney's services in resisting the exceptions.

SAME (375)—REVIEW—MATTERS NOT BEFORE LOWER COURT. On appeal from a judgment of the trial court upon an executor's final account to which exceptions had been sustained, appellant was not required to present the question of allowance of attorney's fees in resisting the exceptions, since such question had not been litigated in the lower court and there was no evidence in the record upon which the appellate court could base a directed judgment.

[1]Reported in 200 Pac. 308.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered March 3, 1921, upon findings in favor of the defendants, denying additional compensation for attorney's services in resisting exceptions to the final account of executors, after a hearing before the court. Reversed.

*Alex M. Winston,* for appellant.

*Henry L. Kennan,* for respondents.

MAIN, J.—Frank D. Allen, for many years one of the executors of the last will and testament of Scott McDonald, deceased, filed a petition in this case asking that he be allowed additional compensation in order that he might pay an attorney whom he had employed to resist exceptions to his final account. The trial resulted in a judgment sustaining certain of the exceptions, and from this judgment the petitioner appealed. In 1900, Scott McDonald died testate, and two years later Allen was appointed to fill a vacancy in the number of executors, and acted in this capacity until his resignation was accepted August 19, 1919, and his final account as such executor approved and settled on the fourth day of November, 1919. In March, 1918, the then executors filed their annual reports for the years 1916 and 1917. To these reports exceptions were filed. A trial was had upon the exceptions on February 3, 1919, and judgment was rendered by the trial court sustaining the exceptions. From this judgment, Frank D. Allen, one of the executors, appealed. While the appeal was pending, Allen filed in the superior court a petition and report praying for an order approving the final accounts fixing the amount of compensation to be paid to him on account of services rendered as executor and attorney for the estate and asking that he be discharged as such executor. As above

stated, on November 4, 1919, an order was made discharging him as executor and fixing and allowing compensation as such executor and trustee for all services rendered by him to the estate of Scott McDonald, deceased.

When the exceptions were filed to the appellant's report, he employed Alex M. Winston, an attorney-at-law, to defend against them. When the order of November 4, 1919, was entered, Mr. Winston had rendered all the services which he was required to render, with the exception of preparing and filing the reply brief and arguing the case orally in this court. The executor prosecuted an appeal from the order sustaining the exceptions, and in *In re McDonald's Estate,* 110 Wash. 366, 188 Pac. 523, the judgment of the trial court in sustaining the exceptions was reversed and the cause remanded with direction to overrule the exceptions. After the remittitur in that case was filed in the superior court, the appellant presented an application requesting that he be allowed compensation in order that he might pay Mr. Winston for the services which he had rendered in resisting the exceptions. The matter of allowing additional compensation came on for hearing and testimony was taken. The court made findings of fact in which it was stated that $1,500 was a reasonable fee. To this finding no exception has been taken, and the parties seem to be in accord that the fee is reasonable if additional compensation is to be allowed.

The first question is whether the appellant was required in the hearing in the trial court at the time the exceptions were sustained, to offer testimony as to what would be a reasonable additional compensation to him on account of the necessity of employing an attorney to resist the exceptions. The respondent's

position is that, not having asked for the compensation at that time, the present application comes too late. It is suggested that, since the matter of fixing the compensation of executors and administrators is a subject for determination upon the settlement of the final account and that such judgment is a final judgment, as held in *In re Doane's Estate,* 64 Wash. 303, 116 Pac. 847, and other cases, that the present application was not timely. But that rule is not controlling here. The trial court held and entered a judgment sustaining the exceptions, and if this judgment had been sustained the appellant would not have been entitled to any compensation on account of expense incurred in resisting such exceptions. Both parties to this appeal recognize the rule that, where exceptions are filed to the accounts of an executor and are sustained, the executor is entitled to no compensation from the estate for resisting such exceptions, but that, where exceptions are overruled, he is entitled to compensation. The trial court being of the view, and entering a judgment accordingly, that the exception should be sustained under the rule, any evidence offered by the appellant looking to compensation for services in resisting the exceptions would have been entirely immaterial and irrelevant. Had such testimony been offered, the trial court might well have held that, under its view of the law, such evidence had no bearing upon the case. The appellant was not required to anticipate that the judgment might be reversed and proceed upon such hypothesis, because, under the judgment of the trial court, he was entitled to nothing if sustained; and, in addition to this, it could not be known at that time how much future litigation there might be with reference to the matter.

The next point is that the judgment, when the remittitur went down, was one directed by this court and

that all that the trial court could do would be to enter the judgment overruling the exceptions. In support of this position, reliance is placed upon the holding in *German-American State Bank v. Sullivan*, 50 Wash. 42, 96 Pac. 522, and other like cases, where it is held that, where a cause is remanded from this court with directions to enter a specific judgment, the trial court is without power to do other than enter the judgment directed; but that rule is not controlling here. The judgment sustaining the exceptions was reversed. When the cause was remanded, the trial court entered another judgment overruling the exceptions. For the first time there was a judgment entered in the trial court under which the appellant was entitled to additional compensation in resisting the exceptions. When this judgment was entered, as incidental to it would arise the matter of compensation. There is nothing in the directions given, when the judgment was reversed upon the former appeal, which would indicate that the trial court might not consider as incidental to the judgment to be entered that compensation might be awarded.

There is another contention that the appellant should not be allowed compensation because he did not ask for it while the cause was pending in this court and before the remittitur was returned to the trial court. The question presented here was whether the trial court erred in sustaining the exceptions to the final account. Upon the appeal a new element could not be brought into the case. Had the request been made while that case was pending here it would have been an attempt to introduce into the case an element which was not in it in the trial court, and, as above pointed out, which was not required to be litigated in that court at the time the matter of the exceptions to the account

was being heard.  There was no evidence in the record upon which this court could base a directed judgment.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter a judgment for the sum stated in the findings as reasonable additional compensation.

PARKER, C. J., HOLCOMB, and MITCHELL, JJ., concur.