[No. 8548.  Department Two.  March 10, 1910.]

FRANK P. O'BRIEN, *Appellant*, v. AMERICAN CASUALTY
COMPANY *et al.*, *Respondents.*[1]

NEW TRIAL—MOTION—TIME FOR.  Where plaintiff is satisfied with
a verdict, but the court enters judgment inconsistent therewith, he
is then for the first time called upon to move for a new trial.

SAME—EXTENSION OF TIME.  The time for making a motion for
a new trial may be extended by the court.

APPEAL—STATEMENT OF FACTS—TIME FOR.  Where a motion for a
new trial is seasonably made, the time for taking an appeal or filing
a statement of facts does not begin to run until the motion is denied.

NEW TRIAL—RIGHT TO MOVE FOR.  The fact that a party could
have appealed from a judgment *non obstante veredicto* does not
deprive him of his right to move for a new trial.

Motions to strike a statement of facts, filed in the supreme
court February 19 and 21, 1910.  Denied.

*H. R. Lea,* for appellant.

*Hayden & Langhorne,* for respondent Wheeler.

*F. S. Blattner* and *L. B. da Ponte,* for respondents Ameri-
can Casualty Company *et al.*

PER CURIAM.—This action was commenced by plaintiff
O'Brien against the American Casualty Company, Lumber-
mans and Manufacturers Hospital Association, and Dr. Er-
nest C. Wheeler, to recover damages by reason of the alleged
negligence and malpractice of each of the defendants.  Re-
spondent Wheeler appeared separately from the other de-
fendants.  On April 7, 1909, a verdict was rendered, the
jury finding in favor of the plaintiff and against the defend-
ant American Casualty Company in the sum of $2,000,
against the defendant Lumbermans and Manufacturers Hos-
pital Association in the sum of $4,000, and against the de-
fendant Dr. Ernest C. Wheeler in the sum of $1,000.

[1]Reported in 107 Pac. 519.

On April 8, 1909, the respondents American Casualty Company and the Lumbermans and Manufacturers Hospital Association filed a motion to set aside the verdict, and also a motion for judgment *non obstante*. On April 8, 1909, stipulation was entered into by the plaintiff and the defendants American Casualty Company and the Lumbermans and Manufacturers Hospital Association, extending the time for filing motions and objections for a period of twenty days from and after the date of the verdict of the jury. On May 6, 1909, the plaintiff O'Brien filed a motion for judgment upon the special findings and verdict of the jury. On July 6, the judge before whom the case was tried filed a written decision denying the motion of plaintiff for judgment, but entered an order sustaining in part the motion of the defendants Lumbermans and Manufacturers Hospital Association and the American Casualty Company for judgment notwithstanding the verdict. A judgment was entered against all of the defendants for $1,000 only, and on the same date an order was entered denying the plaintiff O'Brien's motion for judgment. After the judge had filed his written decision, which was on July 6, the plaintiff, on July 7, asked and received an extension of twenty days for the purpose of studying the decision and moving for a new trial. The motion was made within the twenty days. On September 21, the plaintiff's motion for a new trial was denied. On September 25, the plaintiff served notice of appeal to the supreme court, on the 27th filed its appeal bond, and on November 10 asked and received an order granting leave to file a bill of exceptions, which was allowed. This motion is to strike the statement of facts, for the reason that defendants were not served within the time prescribed by law.

We think there is no merit in this motion. The statute, Rem. & Bal. Code, § 402, provides that the party moving for a new trial must, within two days after the verdict of a jury if the action is tried by a jury, or two days after notice in writing of the court or referee if the action is tried without

a jury, file with the clerk and serve upon the adverse party his motion for a new trial, etc.   There is no question but that it is the duty, under the provisions of the statute, for a party who desires a new trial to file motion for same within two days after the rendition of the verdict.   But the plaintiff in this case did not desire a new trial.   On the contrary, as respondent Wheeler states in his brief, he was satisfied with the verdict of the jury.   He would have imperilled his case if he had asked for a new trial, for the respondents would undoubtedly have joined in the motion, and under such circumstances the court would have granted it.   In fact, the respondents did move for a new trial on the 8th of April.   It is not complimentary to the law to contend that it imposes such a burden on the appellant under the circumstances shown by the record.   He did what he should have done—asked for judgment on the verdict, and when that motion was denied, the verdict of the jury was virtually set aside and a judgment rendered by the court which was inconsistent with the verdict of the jury, and which was in effect the result of a trial by the court.   The appellant was, for the first time, called upon to make a motion for a new trial, and he seasonably asked for time to make that motion, or any motion which might seem , desirable.   The court had the power to extend the time, *Bailey v. Drake*, 12 Wash. 99, 40 Pac., 631 ; *Leavenworth v. Billings*, 26 Wash. 1, 66 Pac. 107, and under the rule announced by the first case cited, the court had power to extend the time after the statutory time for the filing of the motion had expired.   The court did extend the time.   Within that time motion was made, and was denied on September 21, 1909, and it is not claimed that the appeal was not perfected in time if the time began to run on the last mentioned date.   We think it did.

It is contended by the respondent that the motion for a new trial is, in effect, a motion to vacate the judgment entered by the court, and *Pedigo v. Fuller*, 37 Wash. 529, 79 Pac. 1129, is relied upon to sustain that contention.   Of

course, a motion for a new trial to a certain extent always involves the same questions which were tried out in the original case, and it is for the express purpose of obtaining a different verdict or a different judgment that the motion is made. But the abuse which was sought to be avoided by the decision in *Pedigo v. Fuller, supra,* is not found in the action of the appellant in this case. There, nearly three years after the judgment, which was a default judgment by the court, had been entered, the defendants made a motion to vacate the judgment. This motion was denied on July 14, 1903. Thereafter on September 22 of the same year, the defendants filed what this court termed a so-called petition for a reconsideration of the order denying the motion to vacate, which was refused, and we sustained the lower court in such refusal because it appeared that the second motion was in effect the same as the first, and it was held that the time for appeal could not be extended by such methods.

But very different is this case, where the motion for a new trial is made at the very first opportunity. It is true that the plaintiff could have appealed from the judgment *non obstante veredicto*; but he had a right to interpose a motion for a new trial, and could not be deprived of it. The proceedings in this case are somewhat involved, the plaintiff's motion for judgment on the verdict and defendant's motion for judgment *non obstante* being determined at the same time, which as we have seen distinguishes the case from the plain, ordinary case contemplated by § 402, which provides that the motion must be made within two days, etc. Under all the circumstances of this case, it would be an injustice to strike appellant's statement of facts. The motion is therefore denied.