[No. 14182. Department Two. February 2, 1918.]

M. GUTERSON, *Respondent*, v. C. S. JENSEN, *Appellant*.[1]

ASSAULT AND BATTERY — CIVIL LIABILITY — DAMAGES. Where defendant was assaulted and used excessive force in repelling the attack, he is liable only for the damages caused by the excessive force, and not for all the damages.

SAME—MEASURE OF DAMAGES. In an action for damages for an unjustifiable assault, the plaintiff cannot recover for injury to his good repute and social and professional standing, where there was no evidence that his good repute or standing had been injured, or from which injury could be assumed.

SAME—EXCESSIVE DAMAGES. A verdict for $3,500 for damages from an assault, reduced to $2,000, is still excessive, where it merely appears that the plaintiff was struck in the eye and slightly cut, but not through the skin, and was confined to his bed for two or three days, and suffered pain and nervous shock, but no pecuniary loss.

Appeal from a judgment of the superior court for King county, Smith, J., entered December 7, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*Jay C. Allen*, for appellant.

*Herr, Bayley & Croson*, for respondent.

[1]Reported in 170 Pac. 352.

MOUNT, J.—The plaintiff brought this action to recover damages from the defendant on account of an alleged assault and battery committed upon him by the defendant. For answer to the complaint, the defendant admitted the assault and pleaded that the same was provoked by the plaintiff, that the defendant acted in self-defense and not otherwise. Upon these issues the case was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff for $3,500. Upon a motion for a new trial, the court, upon condition of denying the motion, required a remission of $1,500 from the verdict. The remission was made and judgment was entered in favor of the plaintiff for $2,000. The defendant has appealed from that judgment.

The appellant makes nineteen assignments of error which he claims occurred in the examination of witnesses. We have examined the statement of facts carefully and have concluded that no prejudice has resulted to the appellant on account of the errors complained of sufficient to reverse the judgment. No profit would result from a detailed discussion of these assignments, and we pass them by with the general statement that we are satisfied that no reversible error has occurred therein.

In submitting the case to the jury, the trial court instructed the jury upon the measure of damages as follows:

"In the event that you should find that the plaintiff was assaulted by the defendant without legal justification, or if you should find that the defendant used excessive or unnecessary force in repelling any assault by the plaintiff, you shall assess such damages against the defendant in favor of the plaintiff as in your judgment will compensate the plaintiff for all damages and injuries sustained by him, and you will take into consideration the injury, if any, to plaintiff's good repute, his social position, professional standing, his physical

and nervous shock and suffering, bodily pain, his anguish of mind, his shame and his humiliation due to the nature of the assault, and the public place in which it was committed, and in addition thereto you shall assess as damages his pecuniary loss, if any, including expenses for medical care and treatment, and such other items of actual expense as may have been proven.''

It is argued by the appellant that this instruction is erroneous for two reasons: First, because it tells the jury that, if they find the appellant used unnecessary force in repelling an assault by the respondent, they should assess against the appellant all damages and injuries sustained by respondent; and second, that, in measuring the damages, the jury should take into consideration the injury to the respondent's good repute, his social position, and his professional standing. The appellant argues that the instruction is erroneous for both these reasons. We think there is merit in this position. In the complaint, and upon the trial of the case, the respondent's main contention was that the appellant unlawfully assaulted him without any provocation or justifiable excuse. The appellant's contention was that the respondent provoked the assault by calling him a ''liar,'' and that the appellant resented that accusation, telling the respondent that he would ''bust him on the nose;'' that respondent thereupon assumed an attitude as if he intended to strike the appellant, and appellant then struck respondent twice with his fist.

The trial court, in a previous part of the instructions, had told the jury in substance that, if the assault was provoked by the respondent, he could not recover. Then, in this instruction, he told the jury that, if they found that the respondent was assaulted by the appellant without legal justification, or if they found that the appellant used excessive or unnecessary force in repelling any assault by the respondent, then, in either

event, it was their duty to assess all the damages against the appellant.

It seems plain that, if the appellant was justified in repelling an assault which was made upon him, he was at liberty to use such reasonable force as would repel the assault, and would not be liable for any damages on account thereof. If he used excessive force, then it seems plain that he would be liable only for the damages caused by the excessive force, and, when the court told the jury that, if they found the appellant used excessive or unnecessary force in repelling any assault, they should assess all the damages against the appellant, this was clearly error. We are of the opinion, furthermore, that the court was in error in instructing the jury that they might take into consideration the injury to the respondent's good repute, his social position, and his professional standing. There was no evidence in the record that respondent's good repute, his social position, or his professional standing had been injured in any wise, or from which injury might be assumed. There was evidence to the effect that the respondent was a first-class musician. He was furnishing the orchestra, at a salary of $800 per week, for the Coliseum Theater, of which the appellant was manager. There was no evidence to the effect that either the respondent's social position, or his good repute, or his professional standing as a musician was any different after the affray than before. These were fanciful elements which the jury had no right to consider in determining the measure of damages. If the respondent did not himself provoke the assault, but was unlawfully assaulted by the appellant without cause or provocation, it is difficult to understand how his good repute, or his social position, or his professional standing could be affected thereby. If the fault was all the appellant's, then clearly the associates of the respond-

ent could hold him in no less esteem by reason of the fact that he was wantonly or unlawfully assaulted upon the public street. The measure of his damage was the injury sustained, his pain and suffering, expenses for medical care and treatment, and loss of time, if any. The jury should not have been permitted to take into consideration assumed injuries to professional standing, social position, or good repute, in awarding damages.

It is further argued by the appellant that the verdict is excessive. We think there is merit in this contention. The evidence shows that the appellant struck the respondent upon the left eye. The respondent, at that time, was wearing a pair of glasses, which appellant states he grabbed from respondent's face before striking him. Respondent states he was wearing the glasses when appellant struck him. The result was four slight cuts around respondent's left eye. These cuts did not go through the skin. They were made either by the broken lens of the glasses which respondent was wearing or by a ring upon the hand of the appellant. It is conceded that these cuts quickly healed and left no trace on the respondent's face at the time of the trial. The respondent testified that he was confined to his bed for two or three days, that his eye and jaw were swollen, and that he suffered pain and nervous shock from the injury. There was an attempt to show that a bone in the side of the face was fractured, but there was no substantial evidence to that effect. There was also an attempt to show that there was an injury to the vision. We are satisfied that this was entirely speculative, and we are satisfied from the record that the injury to the respondent was not permanent, but was superficial, and was entirely gone within two or three weeks after the affray. Respondent lost two days from his orchestra, but suffered no

pecuniary loss, for he was paid his salary in full. The fact that the jury awarded the respondent $3,500 and the trial court made a reduction of $1,500 is conclusive that the trial court was of the opinion that the verdict was excessive, and we are of the opinion that the judgment is still excessive, and caused by the instruction which we have above considered.

The appellant further argues that the trial court should have granted the motion for a new trial. In view of our conclusion upon the instruction above mentioned, it will not be necessary to further consider the questions raised in the motion for a new trial, because we are satisfied that the trial court should have granted the motion upon the instruction above considered.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.

ELLIS, C. J., CHADWICK, MORRIS, and HOLCOMB, JJ., concur.