[No. 19581.  Department One.  November 8, 1926.]

## S. K. GUDMUNDSON et al., Respondents, v. COMMERCIAL BANK & TRUST COMPANY et al., Appellants.[1]

[1] APPEAL (493)—DECISION—POWERS OF LOWER COURT AFTER REMAND—VACATION OF JUDGMENT. A *prima facie* case for permission to move against a judgment entered by direction of the supreme court denying the rescission of the sale of land and dismissing the action is made, where it appears that, after the trial below, the defendant had entered into possession of the plaintiff's property and damaged the same by acts not involved in the trial or upon the appeal.

Application filed in the supreme court August 5, 1926, for leave to file a petition for the vacation of a judgment, entered by the superior court for Chelan county, Grimshaw, J.  Granted.

*O. P. Barrows,* for appellants.

*Chadwick, McMicken, Ramsey & Rupp,* and *Sumner & Adams,* for respondents.

MAIN, J.—This is an application for permission to move against a judgment in the superior court which was entered at the direction of this court.

During the latter part of the year 1919, S. K. Gudmundson, the petitioner, purchased from the Commercial Bank & Trust Company of Wenatchee approximately twenty-eight acres of orchard land.  Some time thereafter he brought an action to rescind the contract on the ground of fraud.  The trial thereof in the superior court resulted in a judgment as prayed for.  The Commercial Bank & Trust Company, the defendant in the action, appealed (138 Wash. 355, 244 Pac. 676), and the judgment was reversed with direction to enter a

¹Reported in 250 Pac. 348.

judgment of dismisal. The reason the application is made to this court is because the judgment, having been one directed upon the appeal, cannot be moved against in the superior court without first having here obtained permission.

In *In re Shilshole Avenue*, 101 Wash. 136, 172 Pac. 338, it is said:

"So we have held that a judgment of the superior court, appealed to this court and determined upon its merits, becomes in effect a judgment of this court, and that the trial court is without power after its remand to vacate or otherwise modify it on motion or petition except in such manner as may be necessary to carry out the mandate of this court. *Kath v. Brown*, 53 Wash. 480, 102 Pac. 424, 132 Am. St. 1084; *Richardson v. Sears*, 87 Wash. 207, 151 Pac. 504; *Pacific Drug Co. v. Hamilton*, 76 Wash. 524, 136 Pac. 1144; *State ex rel. Jefferson County v. Hatch*, 36 Wash. 164, 78 Pac. 796; *State ex rel. Wolferman v. Superior Court*, 8 Wash. 591, 36 Pac. 443.

"The latter rule is subject to the modification, however, that this court will, upon a proper showing made within the year, grant leave to apply to the lower court for the vacation of a judgment affirmed by this court, for all or any of the causes set forth in sec. 303 of the code or for any or all of the causes set forth in the chapter of the code included within secs. 464-473. *Post v. Spokane*, 28 Wash. 701, 69 Pac. 371, 1104; *State ex rel. Post v. Superior Court*, 31 Wash. 53, 71 Pac. 740; *Post v. Spokane*, 35 Wash. 114, 76 Pac. 510; *Kath v. Brown*, 69 Wash. 306, 124 Pac. 900; *Kawabe v. Continental Life Ins. Co., supra.*"

[1] In the present application, the *prima facie* showing made by the petition and the affidavits is to the effect that, since the trial in the superior court above mentioned, the defendant in the action has entered into possession of the property, exercised full and complete control thereof, and has cut and removed a large

number of the fruit trees growing thereon. No resistance has been made to the application. The matters just referred to are things which have occurred since the trial and the entry of the judgment by the superior court rescinding the contract, and therefore they were not involved in the trial or upon the appeal. Upon the facts presented, a *prima facie* case for relief is made.

It must not be understood, however, that we have predetermined the matter. No opinion is here expressed as to whether the application, when made to the superior court, should be granted or denied. We say, only, that a sufficient showing has been here made to justify us authorizing the trial court to exercise its own judicial discretion. Let an order be entered accordingly.

MITCHELL, PARKER and HOLCOMB, JJ., concur.

TOLMAN, C. J. (dissenting)—Since the matters referred to occurred after judgment, I think they constitute a new cause of action which can be waged independently.