[No. 21729. *En Banc.* January 2, 1930.]

PHIL DE PHILLIPS, *Respondent,* v. H. L. NESLIN *et al.,* *Appellants.*[1]

[1]Reported in 283 Pac. 691.

148

*Pedigo & Watson* and *Poe, Falknor, Falknor and Emory,* for appellants.

*Earl W. Benson* and *John C. Hurspool,* for respondent.

HOLCOMB, J.—On April 16, 1925, respondent began an action in the court below in which he set forth three causes of action, which came here upon an order sustaining demurrers to the complaint and dismissing the action in the lower court and was decided in *De Phillips v. Neslin,* 139 Wash. 51, 245 Pac. 749.

Upon the decision in this court reversing the lower court, when the case was received for further proceedings in that court, appellants answered and, after certain denials, set up certain affirmative defenses.

The cause received the number 18419 in the lower court and, upon the remand of the case for the purpose

of having the action proceed against, not only the community, but against appellant H. L. Neslin in his separate capacity as well, respondent instituted two other actions against him alone in the lower court, one cause being numbered 19517, the other 19713. In case No. 19517, the cause of action set up against Neslin individually was that of assault; appellants answered thereto setting up essentially the same denials and affirmative defenses as they had pleaded to the assault action in case No. 18419. In case No. 19713, respondent set up against H. L. Neslin individually the same allegations as to malicious prosecution that were alleged in the action against the community, and the answer thereto embodied the same defenses as were set up to the third cause of action in the original case. No cause of action for slander was instituted against H. L. Neslin in his separate capacity, that cause of action remaining in the original case alone as against the community.

By stipulation and subsequent formal order based thereon, all the causes were consolidated for trial in the court below and for any appeal to this court.

This appeal involves two separate jury trials. The first jury trial under the consolidation began in the lower court on May 9, 1927, and ended on May 13, 1927, by verdicts of the jury therein in favor of appellants on the first or slander cause of action; in favor of respondent on the second, or assault, cause of action for the sum of $3,000; and in favor of respondent on the third, or malicious prosecution, cause of action, for the sum of $200. There was a verdict also in case No. 19517 against H. L. Neslin individually in the sum of $3,000, and also a verdict against him individually in case No. 19713 for malicious prosecution damages in the sum of $200.

Upon motions interposed by appellants in the lower

court against the verdicts adverse to them, the trial court set aside the $3,000 judgment on the ground that an erroneous instruction had been inadvertently given, not cured by any other instruction, and also that, measured by the pleadings and the evidence under the pleadings, the verdict of $3,000 was excessive. He therefore granted a new trial upon the assault cause of action, but denied motions for judgment n. o. v. or for a new trial on the $200 verdicts against both the community and H. L. Neslin separately.

When the case came on for re-trial on the assault action, respondent tendered a third amended complaint changing the allegations as to damages in the assault action to read:

"That plaintiff was so disabled, exhausted, bruised and hurt that he had to summon the services of a physician and had to be taken to a hospital for six days and was unable to do any work for two weeks, and was compelled to and did undergo much pain and suffering; that said attack and assault and battery on plaintiff was made in such a loud and boisterous manner that it was heard by and attracted the attention of numerous bystanders outside of said store, and by reason thereof plaintiff suffered great humiliation, chagrin and mental anguish and his reputation as an honest man was greatly injured, and by reason thereof he was unable to secure permanent employment for a period of eighteen months."

This amendment was in the main action (No. 18419), in which the original allegation of damages for the assault reads:

" . . . until plaintiff became exhausted, bruised and weak and rendered disabled to do any work for a period of two weeks and was so exhausted, bruised and hurt that he had to summon the services of a physician and to be taken to a hospital and was compelled to remain at said hospital for six days, and by reason thereof was compelled to pay the sum of $25 for medical

services and the additional sum of $30 for hospital services.''

The amendment by way of the third amended complaint in the original action was brought to the attention of the trial court just prior to the trial. Appellants objected to the amendment for the reason that the damages included in the third amended complaint were included in the damages theretofore alleged as flowing from the slander action or the malicious prosecution suit. The court allowed the filing of the third amended complaint over the objection, and it was stipulated that the pleadings might be treated as amended to apply thereto and if the court should deem it competent that evidence might be received that the damages attempted to be included in the third amended complaint had been adjudicated in the previous litigation.

The re-trial began on March 14, 1928, and resulted, on March 17, in a verdict by the jury in favor of respondent in the original action for $10,000 and a like sum in the action against H. L. Neslin individually, No. 19517.

Motions for judgment n. o. v. and for a new trial were made and denied and final judgment entered in the consolidated causes in favor of respondent in the assault action for $10,000, in the malicious prosecution action for $200, and omitting relief on the slander cause of action.

Thirty-three claims of error are made by appellants, most of which go to the settlement of the pleadings by the trial court, to the admission of certain testimony, and to the denial of certain lines of examination by appellants. The issues and complaints of error are voluminous and extremely complicated. The evidence directly conflicts upon all questions.

No profit would result from a detailed discussion of

all of these assignments of error. We have examined them all in the light of the record presented in the two trials of these causes, and find no merit in most of them. There were some minor errors committed by the trial court such as is complained of in permitting respondent to show the valuation placed by appellant H. L. Neslin on the stock of goods in appellants' store for assessment of taxes in 1919, the year respondent went to work for him, and later.

We can see no need for the admission of such evidence, or the relevancy thereof, and it would have been better not to have offered it or to have admitted it; but its admission, as well as the denial of certain questions on cross-examination of respondent by appellants, are not of sufficient moment in themselves to presume prejudice and justify reversal.

Neither are the claims of error, based upon the admission of testimony sustaining the malicious prosecution cause of action and refusing to set aside the verdicts and entering judgments thereon, meritorious.

There was evidence under those causes of action justifying the court in submitting to the jury as controverted questions as to whether or not appellants had fully and truthfully disclosed all the facts relating to the institution of the criminal prosecution against respondent to the prosecuting attorney and deputy. Hence, it could not have been determined by the trial court as a matter of law that no probable cause was shown, or that appellants were justified and relied in good faith upon the institution of the prosecution by the prosecuting attorney and deputy. The authorities cited by appellants to that point are inapt.

There was ample and competent evidence upon all the issues, supporting the allegations of the complaints, for the jury to decide.

For whatever tortious conduct the husband

was guilty, when proven by preponderant evidence to the satisfaction of the jury, he is liable. Of whatever tortious acts he was guilty in the conduct of the community business, he is presumed to act as the agent of the community, unless the circumstances are shown to be such that he exceeded his authority and stepped outside the scope of the community business to do a wrong on his own account as in *Schramm v. Steele,* 97 Wash. 309, 166 Pac. 634. Compare *Geissler v. Geissler,* 96 Wash. 150, 164 Pac. 746. The proofs supported the allegations of the complaint of respondent and were held on the former appeal, *supra,* to establish causes of action against both the husband, personally, and the community, which constitutes the law of the case on this appeal.

The trial court properly charged the jury as to the liability of both the husband and the community, and the jury found against both. We have no hesitancy in saying that, under the facts adduced, if the husband is liable for any damages, so also is the community.

Without wasting time in considering the instructions given and refused, complained of by appellants, we think the instructions given followed the law as settled on the former appeal to this court, except that further intricacies were added by respondent's additional actions against appellant Neslin individually necessary to be covered by instructions which seem to be plain and concise and in no way confusing.

We pass to claim of error No. XXIX, that the court erred in denying the motions for a new trial by appellants as a community and by H. S. Neslin individually, for the reason that the verdict was excessive. In connection therewith, errors V, VI, VII, and VIII will be considered, as they all relate to the permission by the court to respondent to amend his complaint in case No. 18419 and the reception of evidence thereunder.

As to the errors based upon the granted amendment, respondent contends that a mere verdict is never *res judicata* or a bar (*Wilson v. Hubbard,* 39 Wash. 671, 82 Pac. 154; *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777; *Westmoreland Co. v. Howell,* 62 Wash. 146, 113 Pac. 281), and, generally speaking, that is true. But, since no set-off or counterclaim was involved in this action, respondent could have voluntarily dismissed his causes of action for damages for malicious prosecution and for slander, under Rem. Comp. Stat., § 408, after the jury retired to consider their verdict. The cases cited did not involve this statute.

Respondent had elected to submit those heavy matters of damages to the jury, which decided adversely to him. Having so elected he cannot, in the same actions, amend one cause of action to include those matters. As to them, he is bound by the verdict.

■ ■ Respondent also says that, along with the original case, No. 18419, were the two new actions, both of which were against appellant H. L. Neslin individually, and set up the same circumstances of assault and damages which were sought to be set up by the amendment allowed. Respondent argues that the whole argument of appellants is based upon the contention that respondent was claiming these damages by reason of slander and malicious prosecution and not from assault in the first trial. It is also asserted that, where an assault and battery, a slander and a malicious prosecution all grew out of one proceeding and are, in effect, one transaction, it would be impossible to say whether one phase of the matter had been the detrimental effect charged in the complaint. It is a question for the jury and the jury alone. If the jury finds under the evidence in an action for assault that those damages did arise from the assault and battery, whether they arose from any other source or not,

such verdict is conclusive. We think this is incorrect reasoning and arrives at an erroneous result. If the reasoning is correct, one can allege assault and battery by another, prove a mere assault in connection with slander occurring at the same time and loss of employment resulting from slander and recover damages for the mere assault, even though aggravated, and also for the slander resulting in loss of employment or business. We do not think this is a logical view to be taken.

In this case, respondent recovered no damages under the slander charge. He recovered but $200 damages under the malicious prosecution charge, although the evidence was uncontradicted that his expenses for attorney's fees alone were $350 and that those fees were reasonable.

As to the assault action, respondent's evidence shows that he had several cuts on his face and nose; that the walls of his mouth were cut and he was black and blue all over, and one eye was closed; that he had stomach trouble; that he was in the hospital for six days, employed a physician at an expense of $25 and his hospital bill was $30.

So far as his loss of employment was concerned, owing to the assault and injury resulting therefrom, the evidence is that he secured temporary employment in Walla Walla about two weeks after he was arrested. It is to be inferred therefore that the assault and injuries and six days' detention from his ordinary affairs did not occasion any great or substantial damages in addition to his medical and hospital bills. He contended, however, that his loss of employment for most of the time from May 24, 1924, to September, 1925, was due to the assault and the injuries occasioned thereby. In this connection, he desires it to be inferred that, because he was assaulted under circumstances that at-

tracted much publicity, both at the immediate time and at the time of the trials of the several proceedings thereafter, those were injuries growing directly out of the assault and battery. That is, that the lack of employment resulted from injuries to character and reputation, which, in turn, were caused by the assault and battery with the accompanying aggravated circumstances.

But he introduced the same evidence for the purpose of augmenting his damages in the malicious prosecution cause of action as well as in the slander cause of action.

His evidence as to his failure to secure employment for nearly sixteen months is to the effect that the only employment he could find in Walla Walla was occasional temporary work; that he sought work both by application and advertisement in Spokane, Seattle, Portland, Centralia, Pendleton and Lewiston, in addition to Walla Walla, and could not get work because he was always asked for his references for the last four or five years, and as he had been employed by appellants during that period, and as he could not ask appellants, he could not give the references. His services never seem to have been worth more than $125 per month, that being the salary he was paid by appellants and a little more than the salary he was able to obtain in California. But all of this evidence went into the former trial of the slander cause of action also. By amending the complaint at the present trial, respondent duplicated many items of damage.

In setting aside the former verdict of $3,000, the trial judge said he considered it excessive under the allegations and the state of evidence at that time. The only difference in the allegations at that time and now, that we can see, is that appellant has brought into the cause of action for assault and battery items of dam-

age that were adjudicated against him in a cause of action for slander. We can see no difference in the condition of the parties or of the pleadings that justify such damages.

We are very well satisfied that $10,000 upon his cause of action for assault and battery for the injuries shown to have been received is very excessive. It would seem that the situation is much the same as we found in *Guterson v. Jensen,* 100 Wash. 113, 170 Pac. 352, where a verdict for an assault and battery, with somewhat similar physical injuries aggravated by accompanying defamation, was reduced by the trial court from $3,500 to $2,000, and this court found was still excessive, and owing to an erroneous instruction, including such element of damages, where none had been proven, given to the jury, reversed the case for a new trial.

We have in other cases, where the amount awarded was so excessive and unreasonable as to be unaccountable except upon the theory that the jury was influenced by passion, prejudice, or a spirit of vindictiveness, refused to deprive the defendant of a new trial. *Olson v. Northern Pacific R. Co.,* 49 Wash. 626, 96 Pac. 150, 18 L. R. A. (N. S.) 209; *Caldwell v. Northern Pacific R. Co.,* 56 Wash. 223, 105 Pac. 625; *Phillips v. Thomas,* 70 Wash. 533, 127 Pac. 97, Ann. Cas. 1914B 800, 42 L. R. A. (N. S.) 582.

While there were substantial injuries inflicted upon respondent here, as found by the jury, by the assault and battery complained of, there are no such substantial injuries, apart from things which did not enter into the assault at the time nor constitute consequential damages as to justify a verdict for any such sum as $10,000. Punitive damages are not allowed.

The verdict awarding $200 for malicious prosecution

should stand, as a final adjudication, upon that cause of action.

The verdict allowing respondent nothing upon the cause of action for slander should also be considered as conclusive.

The verdict and judgment for $10,000 upon the cause of action for assault and battery are set aside and the cause remanded for a new trial thereon in accordance herewith.

Appellants will recover costs of appeal.

All concur.