[No. 23222.   *En Banc.*   October 26, 1932.]

HUGO HAAGA, *Respondent*, v. SAGINAW LOGGING COM-
PANY *et al., Appellants.*[1]

*John C. Hogan* and *Thomas S. Grant,* for appel-
lants.

*L. B. Sulgrove,* for respondent.

[1]Reported in 15 P. (2d) 655.

PARKER, J.—The appellants, logging company and Aubert, hereinafter called petitioners, have filed in this cause in this court their petition for leave to file in the superior court for Grays Harbor county, and leave to that court to act upon, their petition to set aside the judgment rendered in this cause against them in that court in favor of the respondent, Haaga, and grant them a new trial upon the ground of newly discovered evidence of facts occurring after the trial of the cause in the superior court while their appeal from the judgment was pending in this court, demonstrating that the award of the verdict and judgment is grossly excessive.

Upon the trial of the cause in the superior court, Haaga was, by verdict and judgment rendered therein, awarded recovery against petitioners in the sum of forty thousand dollars for their negligence causing personal injuries to him, consisting principally of the "breaking of the plaintiff's back," as alleged in his complaint, and particularly of the "dislocation of the sixth cervical vertebra" and the "fracture of the seventh cervical vertebra," as testified to by his physician upon the trial. The cause was prosecuted and recovery sought in the sum of forty thousand dollars, and the award of the verdict made in that sum upon the theory that, by such injuries, Haaga was caused great physical and mental suffering, and also was rendered permanently and totally disabled, and that his earning power was entirely destroyed for the remainder of his natural life, he having a life expectancy of approximately forty-one years, during which period an annuity equal to his earning power would have cost him approximately thirty-two thousand dollars.

Petitioners appealed from the judgment to this court. Thereafter, Department one of this court ren-

dered its decision affirming the judgment. 165 Wash. 367, 5 P. (2d) 505. Thereafter, a petition for rehearing before the court *En Banc* was granted. Thereafter, before the rehearing argument was had, petitioners filed in the cause in this court this petition for leave to apply to the superior court for a new trial. The petition was allowed to rest undisposed of until the decision of the court *En Banc* upon the rehearing of the appeal; this, because a decision upon the rehearing awarding to the petitioner a new trial upon the record made in the superior court would obviate any necessity of disposing of the petition. In due course, the argument upon the granted rehearing was had before the court *En Banc* and a decision rendered thereon, by which a majority of the judges adhered to the decision of the Department, the judgment of the trial court being thereby finally affirmed on September 20, 1932. 169 Wash. 547, 14 P. (2d) 55.

Thereafter, the petition, which had been filed June 29, 1932, came regularly on for hearing before the court *En Banc,* and, after argument of counsel for the respective parties, was submitted for final disposition. The ground for relief sought is stated in general terms in the petition as follows:

"That said judgment was wrongfully obtained and that new evidence has been discovered which indicates that the respondent has substantially, if not entirely, recovered from the injuries which he complained of."

This is supported by several affidavits attached to and made part of the petition. One of the affidavits, made June 20, 1932, attached to the petition, reads as follows:

"I am 47 years of age and reside on the Olympic Highway between Aberdeen and Montesano, near the N. P. Railway crossing.

"I know Hugo Haaga. For some months past he has been living near the Olympic Highway between Aberdeen and Montesano, near the N. P. Railway crossing. He lives about 200 ft. distant from where I live. I have known him since some time in the fall of 1931. I was absent from my place from the fall of 1931 until March 20, 1932.

"On March 20, 1932, I returned to my home and since that time Haaga has been under my daily observation. He and another man had been practically constantly since March 20, 1932, engaged in clearing, grading and filling a tract of land owned by one Fixmore and Haskell. He has been working daily at this work and he and another man by the use of shovels and a Ford car filled about one-half acre of tide land with dirt to a depth of approximately 3 or 4 feet. This work was well under way on March 20, 1932, when I returned home and Haaga and this other man have been working at it practically constantly since that time. During that time I have had occasion to walk by daily where they were working 3 times a day or more and I have stopped at times to chat with them, and have had every opportunity to observe how Haaga worked. His working was like any normal man. I saw Haaga time and again working under the automobile fixing it and fixing the engine, fixing tires and doing all sorts of work just like anybody else and doing miscellaneous work around just like anybody else, and I saw nothing in his movements that looked like the movements of a disabled man. In fact I did not know he had been hurt until just a few days ago when I was told that he claimed to have had a broken neck.

"Haaga handled the shovel like anyone else, apparently shoveling as much dirt as anybody else and driving the automobile, chopping with the axe and using tools, and he had no brace on his neck or anything of that kind. He never gave the slightest appearance to me of being disabled, and I was surprised a week ago when I was told that he claimed to be disabled."

Attached to the petition there are other affidavits made on June 20, 23, 25 and 27, lending strong support

to the statements made in the one above quoted. Upon the hearing in this court, other affidavits were submitted, some in support of, and some controverting, the statements made in the affidavits above noticed.

The petition was filed in the cause in this court manifestly looking to a hearing in the superior court under the statutory provisions relating to the vacation and modification of judgments, which, so far as need be here noticed, are as follows (we quote from Remington's Compiled Statutes):

"§ 464. The superior court in which a judgment has been rendered, or by which or the judge of which a final order has been made, shall have power, after the term [time] at which such judgment or order was made, to vacate or modify such judgment or order:

"(1) By granting a new trial for the cause, within the time and in the manner, and for any of the causes prescribed by the sections relating to new trials;

. . . . . . . . . .

"(4) For fraud practiced by the successful party in obtaining the judgment or order;

. . . . . . . . . .

"(7) For unavoidable casualty or misfortune preventing the party from prosecuting or defending;

. . . . . . . . . .

"§ 465. When the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term [time] when the verdict, report of referee, or decision was rendered or made, the application may be made by petition filed as in other cases, . . .

"§ 467. The proceedings to obtain the benefit of subdivisions 2, 3, 4, 5, 6, and 7 of section 464, shall be by petition verified by affidavit, setting forth the judgment or order, the facts or errors constituting a cause to vacate or modify it, and if the party is a defendant, the facts constituting a defense to the action; and such proceedings must be commenced within one year after the judgment or order was made, unless the party entitled thereto be a minor or person of unsound mind,

and then within one year from the removal of such disability.''

Subdivision 1 of § 464 manifestly refers to § 399, relating generally to new trials, reading in part as follows:

''§ 399.  The former verdict or other decision may be vacated and a new trial granted, on the motion of the party aggrieved, for any of the following causes materially affecting the substantial rights of such party:

. . . . . . . . . . .

''(4)  Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial;  . . .''

So the petitioners may invoke the ground of newly discovered evidence by petition under the provisions of §§ 464, 465 and 467, above quoted, within the period of one year prescribed by § 467.  It was expressly so held in *Denny-Renton Clay & Coal Co. v. Sartori,* 87 Wash. 545, 151 Pac. 1088.

Since the judgment did not become final until affirmed by this court, the petition was timely filed within one year thereafter, the period prescribed by § 467.  *In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338.

The cause having passed from the superior court to this court and pending here on appeal, petitioners pursued the proper practice in asking leave of this court to petition the superior court for a new trial before so proceeding in that court.  *Post v. Spokane,* 28 Wash. 701, 69 Pac. 371, 1104; *Gudmundson v. Commercial Bank & Trust Co.,* 141 Wash. 11, 250 Pac. 348; *State ex rel. Cross v. Superior Court,* 158 Wash. 46, 290 Pac. 430.

It is contended in behalf of Haaga that the

showing made by this petition and accompanying affidavits made part thereof, is not sufficient to warrant our granting petitioners leave to file their petition in the superior court and leave to that court to proceed to a hearing and disposition thereof upon the merits. We are of the opinion that the showing so made is sufficient to call for our granting such leave.

■ Contention is further made in behalf of Haaga that the counter-affidavits here presented in his behalf negative the showing made in the petition and affidavits made part thereof, and that, therefore, we should deny to the petitioners leave to proceed in the superior court as sought by them. We are of the opinion that our present problem is not to determine, or even express an opinion upon, the merits of the question of whether or not petitioners are entitled to a new trial. Our present problem is only as to whether or not petitioners' showing here made is such as to call for our granting to them leave to have that question tried upon its merits in the superior court. We only hold that petitioners have here made such a *prima facie* showing as to call for granting leave to them to so proceed in the superior court. In *Gudmundson v. Commercial Bank & Trust Co.*, 141 Wash. 11, 250 Pac. 348, granting similar leave to proceed in the superior court, we said:

"It must not be understood, however, that we have predetermined the matter. No opinion is here expressed as to whether the application, when made to the superior court, should be granted or denied. We say, only, that a sufficient showing has been here made to justify us authorizing the trial court to exercise its own judicial discretion."

While we have concluded that the showing here made by petitioners is sufficient to call for the granting to them of leave to proceed in the superior court

looking to their being therein awarded a new trial, we conclude that the inquiry in the superior court shall be limited to the question of whether or not petitioners shall have a new trial upon the question of the amount of damages, since it is plain that the showing here made by petitioners does not entitle them to again open the question of their negligence in causing the personal injuries suffered by Haaga. *Southard v. Bangor & A. R. Co.,* 112 Me. 227, 91 Atl. 948, L. R. A. 1915B, 243.

It is ordered that leave to petitioners and to the superior court, subject to this limitation, be and is hereby granted as prayed for.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.

STEINERT, J. (dissenting)—I dissent. The majority opinion rests its decision upon the ground of newly-discovered evidence. I do not think that the position is a tenable one. It was not newly-discovered evidence, as that term is used and understood. It was simply newly-created evidence; that is to say, the evidence concerned conditions arising long after the judgment had been entered, and did not touch immediately upon an issue that was litigated at the trial. It is not contended that fraud was practiced by the respondent in securing the verdict, but simply that the healing processes of nature have since established a substantial recovery.

The appellants had full opportunity of making an investigation and examination regarding the extent of the injuries, before trial, and there is no claim that they were in any way prevented from presenting their full defense upon that issue. They should now, therefore, be foreclosed upon that phase of the matter. To allow them now to open that issue, in the absence of

fraud, suggests a train of results in damage suits generally, so obvious that further narration or description of them is unnecessary.

I therefore dissent.

MILLARD, HERMAN, and MITCHELL, JJ., concur with STEINERT, J.