[No. 24615. *En Banc.* February 15, 1934.]

LAWRENCE S. JORGENSEN, *Respondent,* v. OREGON-
WASHINGTON RAILROAD & NAVIGATION
COMPANY, *Appellant.*[1]

[1]Reported in 29 P. (2d) 744; 33 P. (2d) 898.

*A. C. Spencer, Charles H. Paul,* and *Hamblen, Gilbert & Brooke,* for appellant.

*Wm. B. Severyns* and *Lord, Moulton & Krause,* for respondent.

MITCHELL, J.—Lawrence S. Jorgensen brought this action against the Oregon-Washington Railroad & Navigation Company, a corporation, under the Federal employers' liability act, to recover judgment for injuries sustained by him on September 14, 1931, as a result of being thrown from a track motor car alleged to have been negligently operated by the defendant over a spring frog on the railroad track. The defendant denied any negligence on its part, denied that the plaintiff had been injured by being thrown from a track motor car operated by it, and alleged affirmatively that, if the plaintiff fell from the car and was injured, as alleged by him, the same was caused solely by his own negligence, and further alleged affirmatively that the plaintiff assumed the risk of any such injury. The affirmative defenses were denied by a reply.

The trial resulted in a verdict for the plaintiff in the sum of fifteen thousand dollars. A motion for a new trial was denied upon the acceptance by the plaintiff of $5,900, to which recovery was reduced by the trial court else a new trial would be ordered. Judgment was entered for the plaintiff in the sum of $5,900. The defendant has appealed.

After the appeal was perfected, the appellant filed in this court a petition for leave to permit it to file a petition in the trial court to set aside the order denying

a new trial and vacate the judgment entered in that court, and to further petition therein for a new trial upon the ground that the judgment was wrongfully obtained by reason of the misconduct of the respondent in the trial, such misconduct consisting of alleged fraud practiced by him in obtaining the judgment; and because of newly discovered evidence which could not

". . . with reasonable diligence have been discovered and produced at the trial of said cause, and which was discovered after the time that the verdict was rendered therein and after the time that the motion for a new trial was argued and the judgment denying the same entered, and after the entry of judgment in said cause in favor of the respondent."

The petition further states that it is supported by an attached affidavit made by an attorney of the appellant railroad company, who is not one of the attorneys of record in this case.

This petition was presented and argued at the date of hearing the appeal. The affidavit mentioned, that speaks of the fact upon which this line of inquiry was manifestly started, was made by an attorney, as already stated not an attorney of record in this case, to the effect that, on March 4, 1933, he was a practicing attorney connected with the law department of the appellant railroad company; that, on that date, a Mrs. Lee called at his office and stated that she was intimately acquainted with Lawrence S. Jorgensen, plaintiff, that she knew from her association with Jorgensen that this suit was a frame-up, and that she could produce evidence substantiating that claim; that affiant told her that he would like to communicate with her after he had "conveyed to the general solicitor of the company the information which she had given him." The affidavit further alleges:

"That from the conversation which affiant had with

said Mrs. Lee, he knew that she was acquainted with said plaintiff in said suit and from said conversation affiant was satisfied that the claim made by her was based upon her own knowledge and information which she had obtained from said Jorgensen.''

It is further alleged that, immediately after reporting ''to the general solicitor of the company, they started an investigation along the lines suggested by Mrs. Lee'' that resulted in procuring other affidavits submitted with the petition. The accompanying affidavits were obtained in a reasonably short time from three or four persons, who, claiming to be personally acquainted with Jorgensen, set out statements attributed to him and circumstances as to his former bodily ailments, upon which the claim is made that Jorgensen so grossly and fraudulently misrepresented the true facts at the trial that the appellant was deprived of a fair trial.

We refrain, as being unnecessary under the state of the record, from going into the counter showing by the respondent supporting his claim that, upon the merits, the appellant's petition and proof are insufficient to justify an order authorizing the trial court to entertain or grant an application of the kind suggested in the petition here.

The verdict in this case was rendered and filed *January 16, 1933*. The motion for a new trial was filed on *January 18, 1933*. The order requiring the plaintiff to accept the reduced amount or a new trial would be granted was made on *March 11, 1933*. The reduced amount for the judgment was agreed to by the respondent on *March 16, 1933,* which automatically amounted to a denial of the motion for a new trial, and the judgment was entered *March 16, 1933*. However, prior to the order reducing the amount of the verdict and the acceptance of it by the respondent, and prior to the

entry of the final judgment, and while the trial court still had jurisdiction of the parties and the subject matter, namely, *March 4, 1933*,—twelve days before final judgment—appellant, through its representative, received information which was believed and acted upon as dependable and which led directly to the showing which constitutes the basis of this petition.

Practice acts, both definite and ample for adequate relief to be obtained in the trial court, were in force and effect. Rem. Rev. Stat., § 402, provides that a motion for a new trial must be served within two days after the verdict. Under Rem. Rev. Stat., §§ 399 and 401, a motion for a new trial, upon the grounds now urged, requires that the facts be shown by affidavit. If, in a given case, such as the present one, affidavits are necessary, Rem. Rev. Stat., § 402, says:

"If the motion [for a new trial] is made upon affidavits, the moving party must, within two days after serving the motion, *or such further time as the court in which the action is pending, or the judge thereof may allow, file such affidavits with the clerk, and serve a copy thereof*, etc." (Italics ours.)

Again, as if to further broaden the right and liberalize the practice, Rem. Rev. Stat., § 250, says:

". . . and the court may enlarge or extend the time, for good cause shown, within which by statute any act is to be done, proceeding had or taken, notice of paper filed or served, or may, on such terms as are just, *permit the same to be done or supplied after the time therefor has expired*." (Italics ours.)

The practice thus provided for, with respect to the time for filing motions for new trials and affidavits in support of such motions, has been uniformly recognized and approved. Some of our cases so holding are: *Bailey v. Drake*, 12 Wash. 99, 40 Pac. 631; *Bullock v. White Star Steamship Co.*, 30 Wash. 448, 70 Pac. 1106;

*O'Brien v. American Casualty Co.*, 57 Wash. 598, 107 Pac. 519.

Appellant cites *Haaga v. Saginaw Logging Co.*, 170 Wash. 93, 15 P. (2d) 655, and *White v. Donini*, 173 Wash. 34, 21 P. (2d) 265. In the first case, the facts and the first information leading to knowledge of the facts upon which the petition in this court was based all occurred long after the entry of the judgment in the trial court and while the case was on appeal in this court. In the other case, it appears that, notwithstanding the diligence of counsel, the facts upon which the petition rested were not only not known, but could not have been ascertained until after judgment and appeal, and the petition for relief was presented to the court having jurisdiction just as soon as the facts or reliable information leading to them were obtained by the moving party. Neither of the cases is authority for granting the petition in the present case.

Not having availed itself of its rights under the statute by asking the trial court for an extension of time to file affidavits in support of its motion for a new trial while the action was pending in that court, the appellant is precluded, as a matter of practice, from having its petition granted.

On the merits of the appeal, while there was a conflict in the evidence on material questions of fact, there was substantial evidence to sustain the several contentions of the respondent. As to appellant's negligence, there was testimony substantially as follows: The respondent worked with a crew engaged in the upkeep and repair of appellant's telegraph line. The crew was under the immediate supervision of an assistant foreman. They used a track motor car to which was coupled, in the usual manner, a trailer. The track motor car was constructed with a rail running along

the center from front to rear so that members of the crew, while being transported, were seated so that those on one side had their backs to those on the other side. There was a foot rest or running board on each side of the track motor car. There was a printed rule, in effect at that time for the guidance of the foreman, which provided:

"Push cars or trailers may be attached with standard couplers to the rear of hand or track motor cars, but never be pushed ahead of them regardless of whether the hand or track motor car is moving ahead or back."

There was evidence by and on behalf of the respondent that, while he was with the crew, it was the custom or practice, in passing over a spring frog, for the crew to alight and push the car and trailer over the frog by hand. On the occasion of the accident in this case, the crew, including the assistant foreman, were moving two light telegraph poles from a position on a side track to a point on the main line beyond the spring frog. The poles were loaded, one on each side of the trailer, with the ends of the poles extending considerably over each end of the trailer. In fact, one end of each pole rested on the floor of the motor car.

Upon being ready to go, the crew took seats provided on the motor car, the respondent occupying one so that his legs were extended over and beyond the pole, his feet resting on the foot board on the outer edge of the motor car. The motor car and trailer were then moved or driven by the assistant foreman by pushing the trailer ahead, in violation of the rule, and upon nearing the frog, it was not stopped to be pushed by hand over the frog, but driven over at a speed of four or five miles an hour.

The trailer was so light that its wheels, instead of going through, rode over the frog, and on dropping

down on the other side caused the end of the pole under respondent's legs to fly upward, throwing him off and causing him to fall on the graveled roadbed in a sitting position, severely bruising his buttocks; which injury, according to the regular and common course, as testified to by physicians and surgeons, developed into hematona or traumatic abscess, necessitating several surgical operations for the elimination of pus and the actual cutting and removal of large quantities of infected tissue. The record abounds with proof of intense pain and suffering endured by the respondent for many months.

Under the facts, the claim that respondent was injured by the negligence of the appellant as the proximate cause was properly submitted to the jury, in our opinion. The instructions to the jury were in no way objected to.

As to the affirmative allegation of contributory negligence, there was no substantial evidence tending to show contributory negligence. Under the Federal employers' liability act, contributory negligence is not a complete defense, but only goes in mitigation of damages, and in this case, there being no complaint or exceptions to the instructions on that subject to the jury, there is nothing before us on the appeal on that question.

Nor do we find in the record any evidence to take this case out of the general rule of submitting to the jury the question of the assumption of risk. The respondent was under the immediate supervision of the assistant foreman. He occupied the seat provided for him. The assistant foreman personally directed the loading of the poles and operated the motor car. The respondent had not been advised of the rule intended for the guidance of the foreman that the trailer

should not be pushed by the motor car, nor was he advised that the assistant foreman intended to, or would, violate the custom or practice by driving the car and trailer over the frog, instead of pushing them over by hand. The question of assumption of risk was properly submitted to the jury. There was no exception to any instruction to the jury upon the subject.

█ Finally, it is insisted that the recovery in this case is still so excessive that the appellant is entitled to a new trial. The record upon the subject of the pain and suffering endured by the respondent is voluminous. It has been examined, and, without setting it out either in detail or more generally than hereinbefore stated, we think it sufficient to say that, in our opinion, the amount of the recovery is not excessive.

Judgment affirmed.

MAIN, MILLARD, BLAKE, and GERAGHTY, JJ., concur.

TOLMAN, J. (dissenting)—In the light of all of the evidence which was before the jury, a verdict in the sum of fifteen thousand dollars is, in my opinion, so excessive as to indicate unerringly that the jury was controlled by passion and prejudice; and if controlled by passion and prejudice in fixing the amount, it is but fair to assume that the jury was also controlled by the same passion and prejudice in passing upon the other issues in the case. If that be true, then a mere reduction of the verdict by the trial court does not reach the evil or cure its effects. In very many cases in this court, it has been held that, under a situation comparable to the one here, a new trial should be awarded as a matter of right and in furtherance of the ends of justice. *De Phillips v. Neslin,* 155 Wash. 147, 283 Pac. 691, and cases there cited; *Puget Sound Lumber Co. v. Mechanics' & Traders' Insurance Co.,* 168 Wash. 46, 10 P. (2d) 568.

In my opinion, the judgment should be reversed and a new trial should be ordered. I therefore dissent.

BEALS, C. J., and HOLCOMB, J., concur with TOLMAN, J.

STEINERT, J. (dissenting)—I dissent from that portion of the opinion which denies appellant's petition for leave to petition the superior court to set aside its order denying appellant's motion for new trial, and to further petition the superior court for new trial upon the ground of fraud practiced by the respondent in obtaining the judgment and upon the further ground of newly discovered evidence. The affidavits in support of the petition in this court are sufficient to entitle appellant to that relief. It must be remembered that the effect of granting the petition is not to set aside the verdict, but merely to authorize the superior court to consider the showing made on the petition to that court, and to determine whether appellant is entitled to a new trial on the showing thus made. In *Haaga v. Saginaw Lumber Co.*, 170 Wash. 93, 15 P. (2d) 655, wherein this question was presented, we said:

"Our present problem is only as to whether or not petitioners' showing here made is such as to call for our granting to them leave to have that question tried upon its merits in the superior court."

In my opinion, Rem. Rev. Stat., §§ 402 and 250, referred to in the majority opinion, do not control the situation here at all. It is true that, while the motion for new trial was still under advisement, and within ten days prior to the time that the court made its order thereon, the appellant was told by a former woman companion of respondent that respondent's case was a frame-up. That advice, however, did nothing more than to arouse appellant's suspicion, upon which its subsequent investigation was based. The appellant

acted promptly on the tip that it had received. It immediately investigated the matter and discovered facts which, according to the affidavits, showed that respondent had been guilty of fraud in procuring the judgment. Upon the trial, respondent, on cross-examination, withheld the facts which appellant afterwards discovered through its investigation.

By the time that appellant had procured sufficient information for presentation to the trial court, the judgment had been entered, and that court had lost jurisdiction. Appellant thereupon promptly petitioned this court for relief. The matter, however, was not disposed of by us at that time, but was passed to the hearing on the merits. The situation now is that the appellant has seasonably made a *prima facie* showing of fraud, and has presented newly discovered evidence which, if true, would surely entitle it to a new trial. We have not been asked to say that appellant is entitled to a new trial, but simply to say that the showing here made is sufficient to warrant us in remanding the cause to the trial court for the purpose of having that question decided there.

I think that the showing here made is sufficient for that purpose, and that the petition in this court should be granted.

BEALS, C. J., concurs with STEINERT, J.

ON REHEARING.

[*En Banc.* June 20, 1934.]

PER CURIAM.—This cause having been argued to a Department of the court October 24, 1933; and having been thereafter assigned for rehearing *En Banc,* and having been argued to the court sitting *En Banc* January 26, 1934; and the opinion of this court affirming the judgment of the trial court having been filed; and

a petition for rehearing having been granted and the cause once more argued to the court *En Banc* May 29, 1934; and four judges now concurring in the opinion as filed and one judge concurring in the result thereof, the judgment of the superior court therefore stands affirmed.