[No. 202-3.    Division Three.    June 16, 1970.]

JAMES J. PALMER, *Respondent,* v. GUS J. COZZA, *Petitioner.*

*R. Max Etter, Sr.* (of *Etter & Etter*), for petitioner.

*Jack Steinberg,* for respondent.

PER CURIAM.—This is a petition by Gus J. Cozza, pursuant to Rule 60(b) of the Civil Rules for Superior Court, for leave of this court to allow him to file in superior court a petition for a new trial and for leave of that court to act thereon.

The following is a chronology of the facts pertinent to the instant petition:

(1) Judgment entered by Superior Court for Spokane County on October 27, 1969 holding that James J. Palmer was entitled to recover on a promissory note from Gus J. Cozza $4,500 with interest at the rate of 7 per cent per annum from November 26, 1963, plus $750 attorney's fees;

(2) Petitioner timely filed notice of appeal and has proceeded to comply with the necessary requisites thereof;

(3) Prior to the setting of this appeal for argument, petitioner instituted the instant motion.

In support of petitioner's motion are 21 affidavits which present a sufficient prima facie showing for this court to grant petitioner's motion. We believe to hold otherwise would inequitably foreclose petitioner from the re-

lief set forth in CR 60(b) until after determination of his appeal. Such procedure is proper and required because the superior court which rendered the judgment lost jurisdiction upon notice of appeal as set forth in CAROA 15. See *Haaga v. Saginaw Logging Co.,* 170 Wash. 93, 15 P.2d 655 (1932).

However, as it was observed in *Haaga v. Saginaw Logging Co., supra,* at 99 (quoting from *Gudmundson v. Commercial Bank & Trust Co.,* 141 Wash. 11, 250 P. 348 (1926)):

> "It must not be understood, however, that we have predetermined the matter. No opinion is here expressed as to whether the application, when made to the superior court, should be granted or denied. *We say, only, that a sufficient showing has been here made to justify us authorizing the trial court to exercise its own judicial discretion.*"

(Italics ours.)

Although petitioner phrases his motion in the broad terms of CR 60(b), the supporting affidavits focus primarily upon allegations of fraud, false swearing, alteration of a material document upon which the judgment is based and newly discovered evidence. Thus, while we grant petitioner leave to proceed in the superior court in an attempt to gain a new trial, we grant leave to the superior court only to inquire into whether petitioner should have a new trial upon these allegations.

Petitioner's motion is granted and the superior court, subject to the limitations set forth above, is granted leave to consider petitioner's motion for a new trial.

---

Petition for rehearing denied June 29, 1970.