[Nos. 191–3; 202–3.    Division Three.    March 14, 1972.]

. JAMES J. PALMER, *Respondent,* v. GUS J. COZZA, *Appellant.*

*R. Max Etter, Sr.,* for appellant.

*Jack Steinberg,* for respondent.

MUNSON, C.J.—Defendant Gus J. Cozza appeals: (1) a judgment enforcing a promissory note in plaintiff James J. Palmer's favor, and (2) the trial court's refusal to grant a new trial after remand from this court in *Palmer v. Cozza,* 2 Wn. App. 900, 471 P.2d 102 (1970).

Upon conflicting evidence, presented entirely by the tes-

timony (and accompanying exhibits) of the two individual parties, the trial court found defendant had drawn a note in plaintiff's favor for $4,500, failed to honor same and was therefore liable to plaintiff for the face amount of the note, plus 7 per cent per annum interest from November 26, 1963, and $750 attorney's fees.

Six days after entry of the court's decision defendant moved for a 30-day extension of time in which to obtain new evidence showing alteration of the note and for a new trial. Arguments were held 2½ months later at which time, defendant having offered no affidavits or new evidence, the trial court denied the motions and entered judgment. Defendant appealed.

During the pendency of the appeal, defendant sought leave of this court to move the trial court for a new trial alleging newly discovered evidence in the form of 21 supporting affidavits concerning the authenticity of the note. Without the record of the previous proceedings before it, this court granted defendant's motion in the belief that the trial court should have the opportunity to examine the material set forth therein. *Palmer v. Cozza, supra.*

After examining defendant's affidavits and plaintiff's countervailing ones, which when added together numbered 70, the trial court found the new material was cumulative and would not have affected the original decision. The trial court denied defendant's motion for new trial and defendant again appealed. The appeals were consolidated.

Defendant failed to properly assign error to the trial court's findings of fact alleged to be erroneous. The findings are accepted as verities. *Union Bank v. Kruger,* 1 Wn. App. 622, 463 P.2d 273 (1969). The conclusions of law are amply supported by the findings of fact. Notwithstanding this rule, the other assignments of error required our examination of the record. While the evidence is disputed, we find substantial evidence in support of the trial court's findings.

Likewise, our review of the record convinces us the trial court's decision on both occasions when it considered defendant's motion for new trial was proper, pursuant to the

standards set forth in *Libbee v. Handy*, 163 Wash. 410, 1 P.2d 312 (1931) and reiterated in *Kurtz v. Fels*, 63 Wn.2d 871, 874, 389 P.2d 659 (1954).

Judgment affirmed.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied May 8, 1972.

Review denied by Supreme Court June 21, 1972.